K. Drive
MDL-Tran
Shante Download
JUDGE KRAM

# 08 CV 0524
CLOSED, REFCNF

## U.S. District Court
### United States District Court for the District of Connecticut (New Haven)
### CIVIL DOCKET FOR CASE #: 3:05-cv-01548-SRU
### Internal Use Only

Dabrowski v. Morales
Assigned to: Judge Stefan R. Underhill
Referred to: Judge William I. Garfinkel (Settlement)
Cause: No cause code entered

Date Filed: 10/05/2005
Date Terminated: 01/09/2008
Jury Demand: Plaintiff
Nature of Suit: 350 Motor Vehicle
Jurisdiction: Diversity

**Plaintiff**

**Grzegorz Dabrowski**

represented by **Enrico Vaccaro**
Law Offices of Enrico Vaccaro
1057 Broad St.
Bridgeport, CT 06604
203-579-0001
Fax: 203-579-0002
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Francisco Morales**

represented by **Canera L. Pagano**
Wilson, Elser, Moskowitz, Edelman &
Dicker - Stmfd CT
177 Broad St., 6th Fl.
Stamford, CT 06901-2048
203-388-9100
Fax: 203-388-9101
Email: canera.pagano@wilsonelser.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric W. F. Niederer**
Wilson, Elser, Moskowitz, Edelman &
Dicker - Stmfd CT
177 Broad St., 6th Fl.
Stamford, CT 06901-2048
203-388-9100

Fax: 203-388-9101
Email: Eric.Niederer@wilsonelser.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/05/2005 | ◑1 | COMPLAINT against Francisco Morales (Filing fee $250 receipt number B010931.), filed by Grzegorz Dabrowski.(Candee, D.) (Entered: 10/11/2005) |
| 10/05/2005 | ◑2 | Order on Pretrial Deadlines: Motions to Dismiss due on 1/5/06. Amended Pleadings due by 12/4/2005. Discovery due by 4/6/2006. Dispositive Motions due by 5/6/2006. Signed by Clerk on 10/5/05. (Candee, D.) (Entered: 10/11/2005) |
| 10/05/2005 | ◑3 | ELECTRONIC FILING ORDER. Signed by Judge Stefan R. Underhill on 10/5/05. (Candee, D.) (Entered: 10/11/2005) |
| 10/05/2005 | | (Court only) **Case Approved for E-Filing. (Candee, D.) (Entered: 10/11/2005) |
| 10/11/2005 | ◑ | Summons Issued as to Francisco Morales. (Candee, D.) (Entered: 10/11/2005) |
| 10/14/2005 | ◑4 | NOTICE of Appearance by Enrico Vaccaro on behalf of Grzegorz Dabrowski (Candee, D.) (Entered: 10/20/2005) |
| 10/14/2005 | ◑5 | MOTION for Exemption from case designation for electronic filing by Grzegorz Dabrowski. Responses due by 11/4/2005 (Candee, D.) (Entered: 10/20/2005) |
| 10/21/2005 | ◑6 | ELECTRONIC ENDORSEMENT ORDER granting 5 Motion for exemption from electronic filing. Signed by Judge Stefan R. Underhill on 10/21/05. (Sbalbi, B.) (Entered: 10/21/2005) |
| 10/21/2005 | | (Court only) Case no longer designated as an E-Filing Case. (Candee, D.) (Entered: 10/24/2005) |
| 11/02/2005 | ◑7 | NOTICE of Appearance by Eric W. F. Niederer on behalf of Francisco Morales (Candee, D.) (Entered: 11/03/2005) |
| 11/18/2005 | ◑8 | MOTION to Dismiss Complaint by Francisco Morales. Responses due by 12/9/2005 (Attachments: # 1 Memorandum in Support)(Candee, D.) (Entered: 11/18/2005) |
| 12/16/2005 | ◑9 | NOTICE to counsel regarding Rule 26(f). Report due by 1/6/2006. Signed by Clerk on 12/16/05. (Montz, A.) (Entered: 12/16/2005) |
| 01/25/2006 | ◑10 | ORDER DISMISSING CASE without prejudice re 9 NOTICE to counsel. Signed by Judge Stefan R. Underhill on 1/25/06. (Simpson, T.) (Entered: 01/26/2006) |

| 01/25/2006 | | (Court only) ***Civil Case Terminated. (Simpson, T.) (Entered: 01/26/2006) |
|---|---|---|
| 04/26/2006 | ◐11 | MOTION to Reopen Case by Grzegorz Dabrowski. Responses due by 5/17/2006 (Candee, D.) (Entered: 04/28/2006) |
| 05/04/2006 | ◐12 | ELECTRONIC ENDORSEMENT ORDER granting 11 Motion to Reopen Case. Signed by Judge Stefan R. Underhill on 5/4/06. (Sbalbi, B.) (Entered: 05/04/2006) |
| 05/04/2006 | ◐13 | OBJECTION re 11 MOTION to Reopen Case filed by Francisco Morales. (Attachments: # 1 Memorandum in Support; # 2 Exhibit)(Candee, D.) (Entered: 05/05/2006) |
| 05/04/2006 | | (Court only) ***Case Reopened (Candee, D.) (Entered: 05/11/2006) |
| 05/15/2006 | ◐14 | MOTION for Reconsideration re 12 Order on Motion to Reopen Case by Francisco Morales. Responses due by 6/5/2006 (Candee, D.) (Entered: 05/16/2006) |
| 05/18/2006 | ◐15 | ELECTRONIC ENDORSEMENT ORDER denying 14 Motion for Reconsideration re 12 Order on Motion to Reopen Case. The motion to dismiss will be considered on its merits. Any opposition to the motion to dismiss must be filed by June 1, 2006. Signed by Judge Stefan R. Underhill on 5/18/06. (Sbalbi, B.) (Entered: 05/18/2006) |
| 05/18/2006 | | (Court only) ***Reopen Document 8 MOTION to Dismiss. (Candee, D.) (Entered: 05/19/2006) |
| 05/18/2006 | ◐16 | Set Deadlines as to 8 MOTION to Dismiss. Responses due by 6/1/2006 (Candee, D.) (Entered: 05/19/2006) |
| 05/24/2006 | ◐17 | MOTION for Extension of Time for 30 days to File Response/Reply as to 8 MOTION to Dismiss by Grzegorz Dabrowski. (Candee, D.) (Entered: 05/25/2006) |
| 05/30/2006 | ◐18 | ORDER granting 17 Motion for Extension of Time for 30 days to File Response/Reply re 8 MOTION to Dismiss. Responses due by 6/30/2006. Signed by Judge Stefan R. Underhill on 5/30/06. (Sbalbi, B.) (Entered: 05/30/2006) |
| 06/21/2006 | ◐19 | OBJECTION re 8 Defendant's MOTION to Dismiss filed by Grzegorz Dabrowski. (Attachments: # 1 Memorandum in Support)(D'Andrea, S.) (Entered: 06/27/2006) |
| 07/07/2006 | ◐20 | REPLY to Response to 8 MOTION to Dismiss filed by Francisco Morales. (Candee, D.) (Entered: 07/10/2006) |
| 07/18/2006 | ◐21 | REPLY to Response to 8 MOTION to Dismiss filed by Grzegorz Dabrowski. (Sanders, C.) (Entered: 07/19/2006) |
| 02/13/2007 | ◐22 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE.ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. |

|            |      |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                          |
|------------|------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |      | Motion Hearing set for 3/9/2007 at 4:30 PM in Courtroom One, 915 Lafayette Blvd., Bridgeport, CT before Judge Stefan R. Underhill. See attached calendar for further details. (Sbalbi, B.) (Entered: 02/13/2007)                                                                                                                                                                                                                                                                                                                                                                                                                                             |
| 03/07/2007 | ⊙23  | ENTERED IN ERROR - REPLY to Response to 8 MOTION to Dismiss filed by Grzegorz Dabrowski. (Candee, D.) Modified on 3/9/2007 (Candee, D.). (Entered: 03/08/2007)                                                                                                                                                                                                                                                                                                                                                                                                                                                                                              |
| 03/09/2007 | ⊙    | Docket Entry Correction re 23 Reply to Response to Motion docketed on incorrect case. (Candee, D.) (Entered: 03/09/2007)                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                    |
| 03/09/2007 | ⊙24  | Minute Entry. Proceedings held before Judge Stefan R. Underhill : denying without prejudice 8 Motion to Dismiss; Motion Hearing held on 3/9/2007 re 8 MOTION to Dismiss filed by Francisco Morales. 15 minutes(Court Reporter Catucci.) (Montz, A.) (Entered: 03/12/2007)                                                                                                                                                                                                                                                                                                                                                                                    |
| 04/02/2007 | ⊙25  | MOTION for a Settlement Conference by Francisco Morales. (Candee, D.) (Entered: 04/04/2007)                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                 |
| 04/09/2007 | ⊙26  | ELECTRONIC ENDORSEMENT ORDER granting 25 Motion for Conference. This case will be referred to Magistrate Garfinkel for a settlement conference. Signed by Judge Stefan R. Underhill on 4/9/07. (Sbalbi, B.) (Entered: 04/09/2007)                                                                                                                                                                                                                                                                                                                                                                                                                            |
| 04/11/2007 | ⊙27  | ORDER REFERRING CASE to Magistrate Judge William I. Garfinkel for a settlement conference. Signed by Judge Stefan R. Underhill on 4/11/07. (Candee, D.) (Entered: 04/11/2007)                                                                                                                                                                                                                                                                                                                                                                                                                                                                                |
| 04/24/2007 | ⊙28  | MOTION to Dismiss the complaint by Francisco Morales. Responses due by 5/15/2007 (Attachments: # 1 Memorandum in Support)(Candee, D.) (Entered: 04/26/2007)                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                  |
| 05/02/2007 | ⊙29  | NOTICE of Appearance by Canera L. Pagano on behalf of Francisco Morales (Candee, D.) (Entered: 05/03/2007)                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                  |
| 05/16/2007 | ⊙30  | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE.ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. A Settlement Conference is scheduled for the above case on 8/1/2007 @02:30 PM before The Honorable William I. Garfinkel, U.S. District Court, 915 Lafayette Blvd., Courtroom 437, Bridgeport CT 06604. Counsel shall report to Judge Garfinkel's chambers, room 429 prior to the courtroom settlement conference. PLEASE NOTE ALSO THE SETTLEMENT CONFERENCE ORDER ATTACHMENT TO THIS CALENDAR. THANK YOU. (Urbano, G.) (Entered: 05/16/2007)                                                         |
| 08/06/2007 | ⊙31  | MOTION for Protective Order by Francisco Morales. Responses due by 8/27/2007 (Attachments: # 1 Certification of Good Faith Resolution)(Candee, D.) (Entered: 08/07/2007)                                                                                                                                                                                                                                                                                                                                                                                                                                                                                     |
| 08/08/2007 | ⊙32  | Minute Entry for proceedings held before Judge William I. Garfinkel : Settlement Conference held on 8/1/2007. Case has not settled. Follow-ups                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                              |

|            |       | by Judge Garfinkel and Counsel. Total Time: 2 hours (Urbano, G.) (Entered: 08/08/2007) |
|------------|-------|--------------------------------------------------------------------------------------------------------|
| 08/08/2007 | ◐33   | ELECTRONIC ENDORSEMENT ORDER granting 31 Motion for Protective Order regarding deposition of defendant. Signed by Judge Stefan R. Underhill on 8/8/07. (Sbalbi, B.) (Entered: 08/08/2007) |
| 12/21/2007 | ◐34   | CONFERENCE MEMORANDUM re Status of the case. Signed by Judge Stefan R. Underhill on 12/21/07. (Candee, D.) (Entered: 12/21/2007) |
| 01/09/2008 | ◐35   | ORDER of Transfer re case for all further proceedings to Southern District of New York. Signed by Judge Stefan R. Underhill on 1/9/08. (Candee, D.) (Entered: 01/14/2008) |
| 01/09/2008 | ◐     | (Court only) ***Civil Case Terminated. (Candee, D.) (Entered: 01/15/2008) |
| 01/09/2008 | ◐     | Case transfered to the District of Southern District of New York. certified copies of docket sheet and Order of Transfer sent. (Candee, D.) (Entered: 01/15/2008) |

I Hereby certify that the forgoing
is a true copy of the original document
on file. Date: __1/15/05__
Roberts D. Tabora
Clerk
By __D. Candee__
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

———————————————————— x

GRZEGORZ DABROWSKI,
                    Plaintiff

    -against-

FRANCISCO MORALES,
                Defendant

———————————————————— x

:    CIVIL ACTION NO.
:    3:05-CV-01548 (SRU)

:

:    NOVEMBER 17, 2005

:

:

## DEFENDANT'S MOTION TO DISMISS

The Defendant, FRANCISCO MORALES, respectfully moves the Court pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) to dismiss the complaint filed by the Plaintiff, GRZEGORZ DABROWSKI, for lack of jurisdiction over the Defendant's person and for failing to state a claim upon which relief can be granted. As required by Local District Rule 7(a)(1), a supporting memorandum of law accompanies this motion.

WHEREFORE, the Defendant requests that this Honorable Court enter an Order dismissing the Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b) together with such other relief as this Honorable Court may deem just and proper.

Dated:    Stamford, Connecticut
          November 17, 2005

                              Respectfully submitted,

                              THE DEFENDANT,
                              FRANCISCO MORALES

                              By: _____
                              Eric W. F. Niederer  (CT 25773)
                              WILSON, ELSER, MOSKOWITZ,
                              EDELMAN & DICKER LLP
                              One Stamford Plaza
                              263 Tresser Boulevard, 9th Floor
                              Stamford, Connecticut 06901
                              (203) 564-1900 (Telephone)
                              (203) 564-1402 (Facsimile)
                              Email:  NiedererE@wemed.com
                              Our File No.:  04951.00610

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

———————————————————— x

GRZEGORZ DABROWSKI,                          :
                    Plaintiff                :      CIVIL ACTION NO.
                                             :      3:05-CV-01548 (SRU)

        -against-                            :

                                             :      NOVEMBER 17, 2005

                                             :

FRANCISCO MORALES,                           :
                    Defendant

———————————————————— x


**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION TO DISMISS**

## PRELIMINARY STATEMENT

The Defendant, Francisco Morales, respectfully submits this memorandum of law in support of his motion to dismiss. This Court must dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failing to state a cause of action upon which relief can be granted. Connecticut's two-year statute of limitations for injuries to the person or real property caused by negligence or reckless misconduct expired before the Plaintiff, Grzegorz Dabrowski, brought this action against the Defendant. In addition or in the alternative, the defendant submits that this Court must dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(2), for lack of jurisdiction over the person. The summons does not comply with Federal Rule of Civil Procedure 4(a) in that the Clerk of the Court has not signed the summons nor has the Court affixed its seal thereto. The defective summons prevents this Court from exercising its jurisdiction over the defendant's person.

## STATEMENT OF FACTS

On or about May 4, 2003, motor vehicles operated by the Plaintiff and the Defendant collided at the intersection of Sutton Street and Driggs Avenue in Greenpoint, New York. See Plaintiff's Complaint, dated October 5, 2005, First Count, ¶¶ 4-8 (attached as Exhibit A). The Plaintiff claims that the Defendant's negligence and recklessness caused this collision, and he seeks damages from the Defendant for the injuries he sustained in the accident. See Exhibit A, First Count, ¶¶ 9-13; id., Second Count, ¶¶ 9-13. The Plaintiff, a citizen of the State of Connecticut, commenced this action against the Defendant, a citizen of the State of New York. See Exhibit A, First Count, ¶¶ 1-3.

1040941.1

## **ARGUMENT**

**I.    Standard of Review for Motion to Dismiss**

When deciding whether to grant a motion to dismiss for failure to state a claim, the court construes the complaint in the light most favorable to the plaintiff, accepting the allegations as true. <u>Desiano v. Warner-Lambert Co.</u>, 326 F.3d 339, 347 (2d. Cir. 2003). A complaint should be dismissed where it appears beyond doubt that the plaintiff cannot present facts entitling him to relief. <u>Chosun Int'l v. Chrisha Creations, Inc.</u>, 413 F.3d 324, 327 (2d Cir. 2005) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 46 (1957)).

**II.    Connecticut's Statute of Limitations for Injuries to Person or Property Caused by Negligence or Reckless Misconduct Expired Before the Plaintiff Commenced this Action.**

This Court should grant the Defendant's motion to dismiss because the Plaintiff missed the deadline for commencing this action. A motion to dismiss for failure to state a claim may be granted when the applicable statute of limitations bars the causes of action involved. <u>Chambers v. Waterbury Police Dep't</u>, 2003 U.S. Dist. LEXIS 6375 (D. Conn. Apr. 17, 2003); <u>see also</u> <u>Joslin v. Grossman</u>, 107 F. Supp. 2d 150, 153 (D. Conn. 2000).

Pursuant to 28 U.S.C. § 1332, the Plaintiff invokes the jurisdiction of this Court by way of diversity of citizenship. Connecticut law bars a plaintiff from bringing an action for personal injury caused by the negligence or reckless misconduct of another any later than two years from the date the injury is sustained or discovered. Conn. Gen. Stat. § 53-584 (2005). According to Connecticut's choice of law rules, the statute of limitations of the forum state will apply when the underlying right upon which the lawsuit is brought existed at common law. <u>Baxter v. Sturm, Ruger & Co.</u>, 230 Conn. 335, 340-41, 644 A.2d 1297 (1994) (on certification from the 2d Cir.). The Plaintiff brought an action for personal injuries caused by the Defendant's alleged negligent

and reckless operation of a motor vehicle. Both negligence and recklessness existed as rights at common law, therefore Connecticut's two-year statute of limitations applies to these allegations. Id.; see also Hughes v. Equity Office Properties Trust, 2005 U.S. Dist. LEXIS 22398 (D. Conn. Sept. 29, 2005) (applying Connecticut's two-year statute of limitations to a negligence action brought for injuries sustained in Massachusetts); Landry v. Potter, 2005 U.S. Dist. LEXIS 1690 (D. Conn. Jan. 27, 2005) (applying Connecticut's two-year statute of limitations to a negligence action brought for injuries sustained in a motor vehicle accident that occurred in Massachusetts).

"In diversity cases, the statute of limitations must be applied in accordance with state law." Hughes, 2005 U.S. Dist. LEXIS 22398, *4 (citing Walker v. Armco Steel Corp., 446 U.S. 740 (1980)). The Connecticut Supreme Court has held that service of process commences an action for the purpose of calculating the duration of a statute of limitations. Rocco v. Garrison, 268 Conn. 541, 549, 848 A.2d 352 (2004); Consol. Motor Lines, Inc. v. M. & M. Transport Co., 128 Conn. 107, 109, 20 A.2d 621 (1941). "[O]nly actual service of process upon the defendant will satisfy the state statute of limitations." Converse v. General Motors Corp., 893 F.2d 513, 515 (2d Cir. 1990) (citing Consol. Motor Lines, Inc., 128 Conn. 109). The Plaintiff alleges that a motor vehicle operated by the Defendant collided with his motor vehicle on May 4, 2003. See Exhibit A, First Count ¶ 8. The Plaintiff filed the complaint on October 5, 2005, more than five months after the two-year statute of limitation had expired. Furthermore, no date of actual service of the summons and complaint can be discerned because, as will be explained, the Plaintiff failed to comply with the service provisions set forth rules of procedure. Even had the Plaintiff complied with these rules and thereby made identifiable the date of service, he could not have served the summons and complaint on the Defendant any sooner than the date the complaint was filed. Since the filing date of the complaint fell well outside the two-year statute

4

of limitations, the date of service, if any, would also have occurred after the expiration of the two-year statute of limitations. Accordingly, this action is time-barred, and the Court should dismiss the complaint for failure to state a claim upon which relief can be granted.

### III.    The Defective Summons Prevents this Court from Exercising Jurisdiction over the Defendant's Person.

This Court does not have personal jurisdiction over the defendant. The Clerk of the Court did not sign or seal the summons nor does the summons set forth the time within which the Defendant must answer the complaint. The summons does not comply with Federal Rule of Civil Procedure 4(a), therefore this Court must dismiss the complaint.

Federal Rule of Civil Procedure 4(a) provides in relevant part: "The summons shall be signed by the clerk, bear the seal of the court, identify the court and the parties, be directed to the defendant, and state the name and address of the plaintiff's attorney . . . . It shall also state the time within which the defendant must appear and defend, and notify the defendant that failure to do so will result in a judgment by default against the defendant for the relief demanded in the complaint." Id. "The issuance of a summons signed by the Clerk, with the seal of the Court, and the time designated within which [the] defendant is required to appear and attend, are essential elements of the court's personal jurisdiction over the defendant. A summons is process because its service subjects the person served to the court's jurisdiction, which is necessary to validate a judgment that the court might render against the person." (Internal quotation marks omitted.) Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 568 (3d Cir. 1996). "In order to impose personal liability upon a defendant or obligate him or her in favor of a plaintiff, a court must be vested with jurisdiction over the parties as well as subject matter jurisdiction. Notice of a claim is not sufficient." Id.

"A summons which is not signed and sealed by the Clerk of the Court does not confer personal jurisdiction over the defendant. . . . Upon proper motion, or if the defendant raises the matter in the responsive pleading, such suit should be dismissed under [Federal Rule of Civil Procedure] 12(b)(2)." (Citations omitted.) Id.; see also McKidden v. Credit Lyonnais, 1999 U.S. Dist. LEXIS 12310, *6 (S.D.N.Y. 1999). Not only has the Clerk of the Court failed to sign and seal the summons attached to the Plaintiff's complaint, the summons does not provide a date by which the Defendant must answer the Plaintiff's allegations. See Exhibit A. A mistake in the use of Federal Rule of Civil Procedure 4(a) can be fatal. Ayres, 99 F.3d 569. The defects in the summons requires this Court to dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(2), for lack of jurisdiction over the person.

1040941.1

**CONCLUSION**

For the foregoing reasons, the Defendant respectfully submits that this Court should

dismiss the Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and (6).

<div style="margin-left:40%">

THE DEFENDANT,
FRANCISCO MORALES

By: _____
Eric W. F. Niederer  (CT 25773)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
One Stamford Plaza
263 Tresser Boulevard, 9th Floor
Stamford, Connecticut 06901
(203) 564-1900 (Telephone)
(203) 564-1402 (Facsimile)
Email:  NiedererE@wemed.com
Our File No.:  04951.00610

</div>

7

**<u>EXHIBIT A</u>**

1040941.1

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

SOUTHERN _____    District of    CONNECTICUT

GRZEGORZ DABROWSKI,
                    PLAINTIFF                    **SUMMONS IN A CIVIL CASE**

              V.

FRANCISCO MORALES,
                    DEFENDANT

                                        CASE NUMBER:

TO: (Name and address of Defendant)

FRANCISCO MORALES
723 Stevens Court
Paramus, New Jersey 07652

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

ATTORNEY ENRICO VACCARO
1057 BROAD STREET
BRIDGEPORT, CT 06604

an answer to the complaint which is served on you with this summons, within _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against
you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with
the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE

(By) DEPUTY CLERK

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

## DEFENDANTS

(b) County of Residence of First Listed Plaintiff  Fairfield
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Attorney Enrico Vaccaro (203)579-0001
1057 Broad Street Bridgeport, CT 06604

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 2  U.S. Government
Defendant

☐ 3  Federal Question
(U.S. Government Not a Party)

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                and One Box for Defendant)

|                                   | PTF | DEF |                                                       | PTF | DEF |
|-----------------------------------|-----|-----|-------------------------------------------------------|-----|-----|
| Citizen of This State             | ☒1  | ☐1  | Incorporated or Principal Place of Business In This State | ☐4  | ☐4  |
| Citizen of Another State          | ☐2  | ☒2  | Incorporated and Principal Place of Business In Another State | ☐5  | ☐5  |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation                                    | ☐6  | ☐6  |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities – Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities – Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1  Original Proceeding

☐ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☐ 5  Transferred from another district (specify)

☐ 6  Multidistrict Litigation

☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332
Brief description of cause:
intersection m.v.a. with injuries

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 495,000.

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____      DOCKET NUMBER _____

DATE
10/5/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT **FILED**
SOUTHERN DISTRICT OF CONNECTICUT

2005 OCT -5 P 2: 06

GRZEGORZ DABROWSKI,

              **PLAINTIFF**   :    CIVIL NO. U.S. DISTRICT COURT
                                        BRIDGEPORT, CONN

VS.                          :

FRANCISCO MORALES,         :    **OCTOBER 5, 2005**
              **DEFENDANT**

## COMPLAINT

### FIRST COUNT

    1. The Plaintiff is a citizen of the State of Connecticut and resides at 131 McGrath Court, Stratford, CT.

    2. The Defendant is a citizen of the State of New Jersey and resides at 723 Stevens Court, Paramus, New Jersey.

    3. The jurisdiction of this court is invoked pursuant to 28 U.S.C. 1332 in that the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs and is between citizens of different states.

    4. At all times mentioned herein, Driggs Avenue was a public highway running in a generally east and west direction in Greenpoint, New York.

    5. At all times mentioned herein, Sutton Street was a public highway running in a generally north and south direction in Greenpoint, New York which intersected with Driggs Avenue.

    6. At all times mentioned herein, traffic on Sutton Street at its intersection with Driggs Avenue was controlled by a stop sign.

    7. On or about May 4, 2003 at approximately 4:15 p.m. the Plaintiff was

operating his motor vehicle in a westerly direction on Driggs Avenue through its intersection with Sutton Street.

8. At said time and place a motor vehicle owned and operated by the Defendant which was proceeding in a southerly direction on Sutton Street failed to stop for the stop sign at its intersection with Driggs Avenue and suddenly collided into the Plaintiff's car with great force and violence.

9. Said collision was directly and proximately caused by the carelessness and negligence of the Defendant in one or more of the following ways:

a. he failed to keep his vehicle under proper and reasonable control;

b. he failed to apply his brakes in time to avoid a collision although by a proper and reasonable exercise of his faculties he could and should have done so;

c. he failed to turn his vehicle to the left or right so as to avoid a collision although by a proper and reasonable exercise of his faculties he could and should have done so;

d. he failed to sound his horn or give any warning of the impending collision;

e. he operated his vehicle at an unreasonable rate of speed having due regard for the traffic, weather, width and use of the highways and intersection of streets;

f. he operated his vehicle at an unreasonable rate of speed having due regard for the traffic, weather, width and use of the highways and intersection of streets in violation of Article 30, Section 1180 of the New York State Consolidated Laws;

g. he failed to keep a proper and reasonable lookout for other motor vehicles lawfully using the highway like that of the Plaintiff;

h. he operated his vehicle when it was not equipped with brakes adequate to bring it to a controlled stop within the distance and under the conditions prescribed and when the brakes were not in good working order, in violation of Article 9, Section 375 of the New York State Consolidated Laws;

      i. he was inattentive;

      j. he failed to stop at a stop sign at said intersection and yield the right of way to the Plaintiff's vehicle which had entered the intersection, in violation of Article 24, Section 1110 and Article 26, Sections 1142 and 1172 of the New York State

Consolidated Laws;

      k. he failed to yield the right of way at said intersection to the Plaintiff's vehicle which had entered the intersection, in violation of Article 26, Section 1129 of the New York State Consolidated Laws;

      l. he failed to yield the right of way to the Plaintiff's vehicle.

      10. As a direct and proximate result of the aforesaid collision, the Plaintiff was caused to suffer the following serious and painful injuries, some or all of which may be permanent in nature:

      a. Herniated disc at L5-S1 with instability and bilateral radiculopathy requiring surgical disc excision, neural decompression and spinal fusion with pedicle screws and bone grafts;

      b. Hyperextension injury to the lumbar spine;

      c. Contusion to the lumbar spine;

      d. Bilateral spondylolysis at L4-5;

      e. Hyperextension injury to the cervical spine;

f. Contusion to the cervical spine;

g. Severe pain, suffering and emotional distress.

11. As a further result of said collision and the injuries sustained by the Plaintiff, he has incurred and will continue to incur expenses for hospital, medical, surgical care and treatment, x-rays, diagnostic testing, physical therapy, prescription drugs, etc. all to his financial loss and detriment.

12. As a further result of said collision and the resulting injuries the Plaintiff has lost earnings and his earning capacity has been impaired, all to his financial loss;

13. As a further result of said collision and the injuries sustained by the Plaintiff, he has been and will be unable to carry out and enjoy all of his usual activities and the quality of his life has been substantially diminished, all to his loss and detriment.

## SECOND COUNT

1.-8. Paragraphs 1 through 8 of the First Count are hereby made paragraphs 1 through 8 of this Second Count as if fully set forth herein.

9. Said occurrence and collision was directly and proximately caused by the reckless or wanton misconduct of the Defendant in one or more of the following ways:

a. he operated his motor vehicle recklessly and in a manner which unreasonably interfered with the free and proper use of the public highway and/or unreasonably endangered users of the public highway, in violation of Article 33, Section 1212 of the New York State Consolidated Laws;

b. although he knew that he was operating his motor vehicle on a public highway which intersected with a heavily traveled public highway and that it was dangerous to enter that intersection without first stopping and yielding the right of way to:

oncoming vehicles, he consciously decided to proceed into that intersection without stopping, in reckless disregard of the just rights and safety of others or of the consequences of his actions.

    10.-13.  Paragraphs 10 through 13 of the First Count are hereby made paragraphs 10 through 13 of this Second Count as if fully set forth herein.

**WHEREFORE,** The Plaintiff claims:

    1.  Compensatory monetary damages;

    2.  Punitive monetary damages;

    3.  Costs;

    4.  Such other and further relief as is within the jurisdiction of this court.

    The Plaintiff hereby demands a trial by jury.

                  **THE PLAINTIFF**

BY
                    Enrico Vaccaro
                    1057 Broad Street
                    Bridgeport, CT 06604
                    (203) 579-0001 Phone
                    (203) 579-0002 Fax
                    Federal Bar No. CT05632

## <u>CERTIFICATION</u>

This is to certify that a copy of the foregoing was mailed, postage prepaid on this 17th day of November 2005, to the following:

Enrico Vaccaro, Esq.
Law Offices of Enrico Vaccaro
1057 Broad Street
Bridgeport, CT 06604

Eric W. F. Niederer

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

—————————————————————— x

GRZEGORZ DABROWSKI,                          :
                    Plaintiff                :     CIVIL ACTION NO.
                                             :     3:05-CV-01548 (SRU)

     -against-                               :

                                             :     MAY 3, 2006

                                             :

FRANCISCO MORALES,                           :
                    Defendant

—————————————————————— x

## **DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO OPEN JUDGMENT OF DISMISSAL**

The Defendant, FRANCISCO MORALES, objects to the Motion to Open Judgment of Dismissal filed by the Plaintiff, GRZEGORZ DABROWSKI, on April 26, 2006. The Plaintiff has failed to meet any of the pretrial scheduling deadlines imposed by the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Connecticut, and has not presented any compelling reasons to open the judgment of dismissal entered by this Court on January 26, 2006. As permitted by Local Rule of Civil Procedure 7, a supporting memorandum of law accompanies this objection.

WHEREFORE, the Defendant requests that this Honorable Court enter an Order denying the Plaintiff's Motion to Open Judgment of Dismissal, together with such other relief as this Honorable Court may deem just and proper.

## **ORAL ARGUMENT REQUESTED**

Dated:    Stamford, Connecticut
          May 3, 2006

Respectfully submitted,

THE DEFENDANT,
FRANCISCO MORALES

By: _____
Eric W. F. Niederer  (CT 25773)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
One Stamford Plaza
263 Tresser Boulevard, 9th Floor
Stamford, Connecticut 06901
(203) 564-1900 (Telephone)
(203) 564-1402 (Facsimile)
Email:  NiedererE@wemed.com
Our File No.:  04951.00610

1159872.1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

——————————————————————— x

GRZEGORZ DABROWSKI,                     :
            Plaintiff              CIVIL ACTION NO.
                                        :  3:05-CV-01548 (SRU)

    -against-                          :

                                        :  MAY 2, 2006

                                        :

FRANCISCO MORALES,
            Defendant

——————————————————————— x


**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF HIS OBJECTION TO
<u>PLAINTIFF'S MOTION TO OPEN JUDGMENT OF DISMISSAL</u>**


**ORAL ARGUMENT REQUESTED**


1159872.1

## PRELIMINARY STATEMENT

The Defendant, Francisco Morales, respectfully submits this memorandum of law in support of his objection to the Plaintiff's Motion to Open Judgment of Dismissal filed on April 26, 2006. This Court must deny the Plaintiff's motion as the Plaintiff has failed to meet any of the pretrial scheduling deadlines imposed by the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Connecticut, and has not presented any compelling reasons to open the judgment of dismissal.

## STATEMENT OF FACTS

On or about May 4, 2003, motor vehicles operated by the Plaintiff and the Defendant collided at the intersection of Sutton Street and Driggs Avenue in Greenpoint, New York. (Pl's. Compl., First Count, ¶¶ 4-8, attached as Exhibit A). The Plaintiff claims that the Defendant's negligence and recklessness caused this collision, and he seeks damages from the Defendant for alleged injuries. ( Pl's. Compl., First Count, ¶¶ 9-13; id., Second Count, ¶¶ 9-13). The Plaintiff, a citizen of the State of Connecticut, commenced this action against the Defendant, a citizen of the State of New York. (PL's. Compl., First Count, ¶¶ 1-3).

## PROCEDURAL HISTORY

On October 5, 2005 the Plaintiff filed his complaint; however, that complaint has never been properly served on the Defendant, and was filed after the applicable Statute of Limitations. Counsel for the Defendant appeared on behalf of the Defendant on November 2, 2005, and on November 18, 2005 properly filed a Motion to Dismiss for lack of jurisdiction over the Defendant's person and for failing to state a claim upon which relief can be granted. (Motion to Dismiss Complaint, Nov. 18, 2005, attached as Exhibit B). Those defects by the Plaintiff are fatal to his action in Connecticut. The plaintiff has never objected to that motion despite a December 9, 2005 deadline to do so.

1159872.1

The Plaintiff failed to initiate a discovery conference by December 2, 2005 as required by Rule 26(e)(1). A Rule 26(f) Report of Parties' Planning Meeting was not filed by December 12, 2005 despite that requirement by Rule 26(e)(1). On December 16, 2005 the Court forwarded a Notice to counsel for the parties notifying them that the Rule 26(f) report was late, and ordering compliance by January 6, 2006. (Notice to Counsel, Dec. 16, 2005, attached as Exhibit C). Despite the Court's Notice, the Plaintiff did not initiate a Rule 26(f) conference or otherwise act. The Court dismissed the case on January 25, 2006. (Order, Jan. 25, 2006, attached as Exhibit D). Now, more than three months after the dismissal of the case, the Plaintiff moves to reopen this judgment of dismissal.

## ARGUMENT

### I. The Plaintiff's Motion to Open Dismissal is Improper and Untimely.

Despite the Plaintiff's gratuitous statement in the conclusion of his Motion to Open Judgment of Dismissal that he has good cause to open the dismissal judgment, he does not state any good cause as a basis for that request. The Plaintiff offers no justification to open the judgment of dismissal other than the Defendant did not initiate the Rule 26(f) conference and allegedly refused to participate in a conference on April 26, 2006, which is a superficial and mischaracterization of the discussion held between counsel. The Plaintiff has not, and cannot, provide good cause to open the more than three month-old judgment of dismissal.

Local Rule 26(e) requires the attorneys of record to confer for the purposes described in Federal Rule of Civil Procedure Rule 26(f) within thirty days after the appearance of any defendant and that such conference shall be *initiated by the plaintiff.* Dist. Conn. R. Civ. P. 26(e)(1). The Plaintiff ignored this rule and the notices issued by this Court regarding this conference and first initiated any sort of conference in the evening of April 24, 2006, three

months after the Court entered the order dismissing the case. The Plaintiff cannot now seek to open this dismissal.

The Defendant's attorney filed an appearance on November 2, 2005. Pursuant to Local Rule 26(e), the Plaintiff had thirty days from this appearance to initiate the Rule 26(f) conference. Therefore, the Plaintiff had until December 2, 2005 to initiate a conference. On December 16, 2005, the Court issued a Notice to counsel indicating "that more than forty days have passed since the appearance of a defendant in this case but no [Form 26(f)] report has been filed." (Notice to Counsel, Dec. 16, 2005). In this Notice, the Court extended the deadline by which such report must be filed, ordering the parties to "file a Form 26(f) report by January 6, 2006 along with a written statement signed by all counsel of record explaining why sanctions should not be imposed for the parties' failure to comply with Local Rule 26(e)." (Id.). The January 6, 2006 deadline passed and the Plaintiff *still* had not initiated a conference as required by Local Rule 26(e)(1). Accordingly, the Court properly dismissed the case on January 25, 2006, entering an Order on January 26, 2006.

In his motion, the Plaintiff claims that the Defendant filed a Motion to Dismiss rather than confer as required by Local Rule 26(e). (Pl's. Mot. to Open J. of Dismissal, ¶ 2) The Local Rules and Federal Rules of Civil Procedure do not require the Defendant to confer before filing a motion to dismiss. As previously mentioned, Local Rule 26(e)(1) requires *the plaintiff* to initiate the Rule 26(f) conference, which did not occur until three months after the order dismissing the case. Moreover, the Defendant raised defenses in his Motion to Dismiss which were fatal to the Plaintiff's action, which the Plaintiff did not, and has not, object to despite an expired deadline to object of December 9, 2005. The Defendant had no duty to initiate the 26(f) conference, and in

light of the time-sensitive defenses raised in his Motion to Dismiss, certainly had no duty to confer with the Plaintiff before filing that motion.

The Plaintiff only initiated any Rule 26(f) discussions three months after the Court dismissed the case. During a discussion between counsel on April 26, 2006, counsel for the Defendant advised the Plaintiff's counsel that the case was dismissed, had been dismissed for three months, defense counsel's file was in storage, and the Defendant had filed a dispositive Motion to Dismiss, which was not timely objected to by the Plaintiff; and therefore, a Rule 26(e) conference was moot regarding the dismissed case. The Defendant, and its counsel, have complied with the Fed. R. Civ. Proc., and acted properly.

Conversely, the Plaintiff ignored the Local and Federal Rules of Civil Procedure to initiate said conference, failed to timely file said report, and ignored a Notice issued by this Court indicating that the Form 26(f) report must to be filed by January 5, 2006. The Plaintiff then ignored an Order of Dismissal Judgment for three months.

Furthermore, the Plaintiff filed a Motion to Open Judgment of Dismissal, a procedure not set forth in any of the Local or Federal Rules. Pursuant to Local Rule 7(a)(1), the Plaintiff had ten days of the filing of the January 25, 2006 Order of dismissal judgment to move for reconsideration of that order, which the Plaintiff failed to do. The Plaintiff also failed to act within the thirty-day time period during which he could have filed a notice of appeal of the Order of dismissal judgment pursuant to Federal Rule of Appellate Procedure 4(a), which expired on February 27, 2006. Moreover, the Plaintiff failed to submit a memorandum of law required by Local Rule 7 for his Motion to Open Judgment of Dismissal, which involves disputed issues of law.

Accordingly, the Defendant respectfully submits that this Court must deny the Plaintiff's motion, as he has presented insufficient justification for the delay in initiating the Rule 26(f) conference, has failed to timely employed any of the various procedures set forth in the Local and Federal Rules of Civil Procedure for opening the Order dismissing the case, and all time periods during which the Plaintiff could have moved for reconsideration of or noticed an appeal from the Order dismissing the case have since passed.

As alternative grounds for affirmation of the Court's January 25, 2006 dismissal judgment, and in the spirit of judicial economy, the Defendant requests the Court consider its Motion to Dismiss filed on November 18, 2005, which is also dispositive of this action, if it is inclined to grant the Plaintiff's untimely and improper Motion to Open Judgment of Dismissal.

## **CONCLUSION**

For the foregoing reasons, the Defendant respectfully submits that this Court should enter an order denying Plaintiff's Motion to Open Judgment of Dismissal.

THE DEFENDANT,
FRANCISCO MORALES

By: _____
Eric W. F. Niederer  (CT 25773)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
One Stamford Plaza
263 Tresser Boulevard, 9th Floor
Stamford, Connecticut 06901
(203) 564-1900 (Telephone)
(203) 564-1402 (Facsimile)
Email: NiedererE@wemed.com
Our File No.: 04951.00610

1159872.1

**EXHIBIT A**

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

SOUTHERN _____ District of ___ CONNECTICUT

GRZEGORZ DABROWSKI,
        **PLAINTIFF**

    V.

FRANCISCO MORALES,
        **DEFENDANT**

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

TO: (Name and address of Defendant)

FRANCISCO MORALES
723 Stevens Court
Paramus, New Jersey 07652

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

ATTORNEY ENRICO VACCARO
1057 BROAD STREET
BRIDGEPORT, CT 06604

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE

(By) DEPUTY CLERK

♦JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a)  PLAINTIFFS**

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff **Fairfield**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Attorney Enrico Vaccaro (203)579-0001
1057 Broad Street Bridgeport, CT 06604

Attorneys (If Known)

U.S. DIST. — BRIDGE
2005 OCT -5
FI

| **II. BASIS OF JURISDICTION** (Place an "X" in One Box Only) | **III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) |
|---|---|

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | **PERSONAL INJURY** | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability |  | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☒ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other |  |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition |  |  |  |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332
Brief description of cause:
intersection m.v.a. with injuries

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 495,000.
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions):
JUDGE
DOCKET NUMBER

DATE
10/5/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CONNECTICUT

**FILED**

2005 OCT -5 P 2: 06

U.S. DISTRICT COURT
BRIDGEPORT. CONN

GRZEGORZ DABROWSKI,

                **PLAINTIFF**      :     CIVIL NO.

VS.                          :

FRANCISCO MORALES,       :     OCTOBER 5, 2005
                **DEFENDANT**

## COMPLAINT

### FIRST COUNT

1. The Plaintiff is a citizen of the State of Connecticut and resides at 131 McGrath Court, Stratford, CT.

2. The Defendant is a citizen of the State of New Jersey and resides at 723 Stevens Court, Paramus, New Jersey.

3. The jurisdiction of this court is invoked pursuant to 28 U.S.C. 1332 in that the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs and is between citizens of different states.

4. At all times mentioned herein, Driggs Avenue was a public highway running in a generally east and west direction in Greenpoint, New York.

5. At all times mentioned herein, Sutton Street was a public highway running in a generally north and south direction in Greenpoint, New York which intersected with Driggs Avenue.

6. At all times mentioned herein, traffic on Sutton Street at its intersection with Driggs Avenue was controlled by a stop sign.

7. On or about May 4, 2003 at approximately 4:15 p.m. the Plaintiff was

operating his motor vehicle in a westerly direction on Driggs Avenue through its intersection with Sutton Street.

8. At said time and place a motor vehicle owned and operated by the Defendant which was proceeding in a southerly direction on Sutton Street failed to stop for the stop sign at its intersection with Driggs Avenue and suddenly collided into the Plaintiff's car with great force and violence.

9. Said collision was directly and proximately caused by the carelessness and negligence of the Defendant in one or more of the following ways:

a. he failed to keep his vehicle under proper and reasonable control;

b. he failed to apply his brakes in time to avoid a collision although by a proper and reasonable exercise of his faculties he could and should have done so;

c. he failed to turn his vehicle to the left or right so as to avoid a collision although by a proper and reasonable exercise of his faculties he could and should have done so;

d. he failed to sound his horn or give any warning of the impending collision;

e. he operated his vehicle at an unreasonable rate of speed having due regard for the traffic, weather, width and use of the highways and intersection of streets;

f. he operated his vehicle at an unreasonable rate of speed having due regard for the traffic, weather, width and use of the highways and intersection of streets in violation of Article 30, Section 1180 of the New York State Consolidated Laws;

g. he failed to keep a proper and reasonable lookout for other motor vehicles lawfully using the highway like that of the Plaintiff;

h. he operated his vehicle when it was not equipped with brakes adequate to bring it to a controlled stop within the distance and under the conditions prescribed and when the brakes were not in good working order, in violation of Article 9, Section 375 of the New York State Consolidated Laws;

    i. he was inattentive;

    j. he failed to stop at a stop sign at said intersection and yield the right of way to the Plaintiff's vehicle which had entered the intersection, in violation of Article 24, Section 1110 and Article 26, Sections 1142 and 1172 of the New York State

Consolidated Laws;

    k. he failed to yield the right of way at said intersection to the Plaintiff's vehicle which had entered the intersection, in violation of Article 26, Section 1129 of the New York State Consolidated Laws;

    l. he failed to yield the right of way to the Plaintiff's vehicle.

    10. As a direct and proximate result of the aforesaid collision, the Plaintiff was caused to suffer the following serious and painful injuries, some or all of which may be permanent in nature:

    a. Herniated disc at L5-S1 with instability and bilateral radiculopathy requiring surgical disc excision, neural decompression and spinal fusion with pedicle screws and bone grafts;

    b. Hyperextension injury to the lumbar spine;

    c. Contusion to the lumbar spine;

    d. Bilateral spondylolysis at L4-5;

    e. Hyperextension injury to the cervical spine;

f. Contusion to the cervical spine;

g. Severe pain, suffering and emotional distress.

11. As a further result of said collision and the injuries sustained by the Plaintiff, he has incurred and will continue to incur expenses for hospital, medical, surgical care and treatment, x-rays, diagnostic testing, physical therapy, prescription drugs, etc. all to his financial loss and detriment.

12. As a further result of said collision and the resulting injuries the Plaintiff has lost earnings and his earning capacity has been impaired, all to his financial loss;

13. As a further result of said collision and the injuries sustained by the Plaintiff, he has been and will be unable to carry out and enjoy all of his usual activities and the quality of his life has been substantially diminished, all to his loss and detriment.

## SECOND COUNT

1.-8. Paragraphs 1 through 8 of the First Count are hereby made paragraphs 1 through 8 of this Second Count as if fully set forth herein.

9. Said occurrence and collision was directly and proximately caused by the reckless or wanton misconduct of the Defendant in one or more of the following ways:

a. he operated his motor vehicle recklessly and in a manner which unreasonably interfered with the free and proper use of the public highway and/or unreasonably endangered users of the public highway, in violation of Article 33, Section 1212 of the New York State Consolidated Laws;

b. although he knew that he was operating his motor vehicle on a public highway which intersected with a heavily traveled public highway and that it was dangerous to enter that intersection without first stopping and yielding the right of way to:

oncoming vehicles, he consciously decided to proceed into that intersection without stopping, in reckless disregard of the just rights and safety of others or of the consequences of his actions.

10.-13.  Paragraphs 10 through 13 of the First Count are hereby made paragraphs 10 through 13 of this Second Count as if fully set forth herein.

**WHEREFORE,** The Plaintiff claims:

1.  Compensatory monetary damages;

2.  Punitive monetary damages;

3.  Costs;

4.  Such other and further relief as is within the jurisdiction of this court.

The Plaintiff hereby demands a trial by jury.

**THE PLAINTIFF**

BY

Enrico Vaccaro
1057 Broad Street
Bridgeport, CT 06604
(203) 579-0001 Phone
(203) 579-0002 Fax
Federal Bar No. CT05632

**<u>EXHIBIT B</u>**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

——————————————————— x

GRZEGORZ DABROWSKI,                    :
               Plaintiff          CIVIL ACTION NO.
                      : 3:05-CV-01548 (SRU)

   -against-                          :

                      : NOVEMBER 17, 2005

                      :

FRANCISCO MORALES,
               Defendant

——————————————————— x

## DEFENDANT'S MOTION TO DISMISS

The Defendant, FRANCISCO MORALES, respectfully moves the Court pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) to dismiss the complaint filed by the Plaintiff, GRZEGORZ DABROWSKI, for lack of jurisdiction over the Defendant's person and for failing to state a claim upon which relief can be granted. As required by Local District Rule 7(a)(1), a supporting memorandum of law accompanies this motion.

WHEREFORE, the Defendant requests that this Honorable Court enter an Order dismissing the Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b) together with such other relief as this Honorable Court may deem just and proper.

Dated:    Stamford, Connecticut
          November 17, 2005

Respectfully submitted,

THE DEFENDANT,
FRANCISCO MORALES

By: _____
Eric W. F. Niederer  (CT 25773)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
One Stamford Plaza
263 Tresser Boulevard, 9th Floor
Stamford, Connecticut 06901
(203) 564-1900 (Telephone)
(203) 564-1402 (Facsimile)
Email:  NiedererE@wemed.com
Our File No.:  04951.00610

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

—————————————————————— x

GRZEGORZ DABROWSKI,                          :
                    Plaintiff           CIVIL ACTION NO.
                                   :  3:05-CV-01548 (SRU)

     -against-                         :

                                   :  NOVEMBER 17, 2005

                                   :

FRANCISCO MORALES,
                  Defendant

—————————————————————— x

**DEFENDANT'S MEMORANDUM OF LAW**
**<u>IN SUPPORT OF HIS MOTION TO DISMISS</u>**

1040941.1

## PRELIMINARY STATEMENT

The Defendant, Francisco Morales, respectfully submits this memorandum of law in support of his motion to dismiss. This Court must dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failing to state a cause of action upon which relief can be granted. Connecticut's two-year statute of limitations for injuries to the person or real property caused by negligence or reckless misconduct expired before the Plaintiff, Grzegorz Dabrowski, brought this action against the Defendant. In addition or in the alternative, the defendant submits that this Court must dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(2), for lack of jurisdiction over the person. The summons does not comply with Federal Rule of Civil Procedure 4(a) in that the Clerk of the Court has not signed the summons nor has the Court affixed its seal thereto. The defective summons prevents this Court from exercising its jurisdiction over the defendant's person.

## STATEMENT OF FACTS

On or about May 4, 2003, motor vehicles operated by the Plaintiff and the Defendant collided at the intersection of Sutton Street and Driggs Avenue in Greenpoint, New York. See Plaintiff's Complaint, dated October 5, 2005, First Count, ¶¶ 4-8 (attached as Exhibit A). The Plaintiff claims that the Defendant's negligence and recklessness caused this collision, and he seeks damages from the Defendant for the injuries he sustained in the accident. See Exhibit A, First Count, ¶¶ 9-13; id., Second Count, ¶¶ 9-13. The Plaintiff, a citizen of the State of Connecticut, commenced this action against the Defendant, a citizen of the State of New York. See Exhibit A, First Count, ¶¶ 1-3.

2

## ARGUMENT

### I.    Standard of Review for Motion to Dismiss

When deciding whether to grant a motion to dismiss for failure to state a claim, the court construes the complaint in the light most favorable to the plaintiff, accepting the allegations as true. Desiano v. Warner-Lambert Co., 326 F.3d 339, 347 (2d. Cir. 2003). A complaint should be dismissed where it appears beyond doubt that the plaintiff cannot present facts entitling him to relief. Chosun Int'l v. Chrisha Creations, Inc., 413 F.3d 324, 327 (2d Cir. 2005) (citing Conley v. Gibson, 355 U.S. 41, 46 (1957)).

### II.    Connecticut's Statute of Limitations for Injuries to Person or Property Caused by Negligence or Reckless Misconduct Expired Before the Plaintiff Commenced this Action.

This Court should grant the Defendant's motion to dismiss because the Plaintiff missed the deadline for commencing this action. A motion to dismiss for failure to state a claim may be granted when the applicable statute of limitations bars the causes of action involved. Chambers v. Waterbury Police Dep't, 2003 U.S. Dist. LEXIS 6375 (D. Conn. Apr. 17, 2003); see also Joslin v. Grossman, 107 F. Supp. 2d 150, 153 (D. Conn. 2000).

Pursuant to 28 U.S.C. § 1332, the Plaintiff invokes the jurisdiction of this Court by way of diversity of citizenship. Connecticut law bars a plaintiff from bringing an action for personal injury caused by the negligence or reckless misconduct of another any later than two years from the date the injury is sustained or discovered. Conn. Gen. Stat. § 53-584 (2005). According to Connecticut's choice of law rules, the statute of limitations of the forum state will apply when the underlying right upon which the lawsuit is brought existed at common law. Baxter v. Sturm, Ruger & Co., 230 Conn. 335, 340-41, 644 A.2d 1297 (1994) (on certification from the 2d Cir.). The Plaintiff brought an action for personal injuries caused by the Defendant's alleged negligent

and reckless operation of a motor vehicle. Both negligence and recklessness existed as rights at common law, therefore Connecticut's two-year statute of limitations applies to these allegations. Id.; see also Hughes v. Equity Office Properties Trust, 2005 U.S. Dist. LEXIS 22398 (D. Conn. Sept. 29, 2005) (applying Connecticut's two-year statute of limitations to a negligence action brought for injuries sustained in Massachusetts); Landry v. Potter, 2005 U.S. Dist. LEXIS 1690 (D. Conn. Jan. 27, 2005) (applying Connecticut's two-year statute of limitations to a negligence action brought for injuries sustained in a motor vehicle accident that occurred in Massachusetts).

"In diversity cases, the statute of limitations must be applied in accordance with state law." Hughes, 2005 U.S. Dist. LEXIS 22398, *4 (citing Walker v. Armco Steel Corp., 446 U.S. 740 (1980)). The Connecticut Supreme Court has held that service of process commences an action for the purpose of calculating the duration of a statute of limitations. Rocco v. Garrison, 268 Conn. 541, 549, 848 A.2d 352 (2004); Consol. Motor Lines, Inc. v. M. & M. Transport Co., 128 Conn. 107, 109, 20 A.2d 621 (1941). "[O]nly actual service of process upon the defendant will satisfy the state statute of limitations." Converse v. General Motors Corp., 893 F.2d 513, 515 (2d Cir. 1990) (citing Consol. Motor Lines, Inc., 128 Conn. 109). The Plaintiff alleges that a motor vehicle operated by the Defendant collided with his motor vehicle on May 4, 2003. See Exhibit A, First Count ¶ 8. The Plaintiff filed the complaint on October 5, 2005, more than five months after the two-year statute of limitation had expired. Furthermore, no date of actual service of the summons and complaint can be discerned because, as will be explained, the Plaintiff failed to comply with the service provisions set forth rules of procedure. Even had the Plaintiff complied with these rules and thereby made identifiable the date of service, he could not have served the summons and complaint on the Defendant any sooner than the date the complaint was filed. Since the filing date of the complaint fell well outside the two-year statute

of limitations, the date of service, if any, would also have occurred after the expiration of the two-year statute of limitations. Accordingly, this action is time-barred, and the Court should dismiss the complaint for failure to state a claim upon which relief can be granted.

**III.    The Defective Summons Prevents this Court from Exercising Jurisdiction over the Defendant's Person.**

This Court does not have personal jurisdiction over the defendant. The Clerk of the Court did not sign or seal the summons nor does the summons set forth the time within which the Defendant must answer the complaint. The summons does not comply with Federal Rule of Civil Procedure 4(a), therefore this Court must dismiss the complaint.

Federal Rule of Civil Procedure 4(a) provides in relevant part: "The summons shall be signed by the clerk, bear the seal of the court, identify the court and the parties, be directed to the defendant, and state the name and address of the plaintiff's attorney . . . . It shall also state the time within which the defendant must appear and defend, and notify the defendant that failure to do so will result in a judgment by default against the defendant for the relief demanded in the complaint." Id. "The issuance of a summons signed by the Clerk, with the seal of the Court, and the time designated within which [the] defendant is required to appear and attend, are essential elements of the court's personal jurisdiction over the defendant. A summons is process because its service subjects the person served to the court's jurisdiction, which is necessary to validate a judgment that the court might render against the person." (Internal quotation marks omitted.) Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 568 (3d Cir. 1996). "In order to impose personal liability upon a defendant or obligate him or her in favor of a plaintiff, a court must be vested with jurisdiction over the parties as well as subject matter jurisdiction. Notice of a claim is not sufficient." Id.

10d00d1.1

"A summons which is not signed and sealed by the Clerk of the Court does not confer personal jurisdiction over the defendant. . . . Upon proper motion, or if the defendant raises the matter in the responsive pleading, such suit should be dismissed under [Federal Rule of Civil Procedure] 12(b)(2)." (Citations omitted.) <u>Id.</u>; see also <u>McKidden v. Credit Lyonnais</u>, 1999 U.S. Dist. LEXIS 12310, *6 (S.D.N.Y. 1999). Not only has the Clerk of the Court failed to sign and seal the summons attached to the Plaintiff's complaint, the summons does not provide a date by which the Defendant must answer the Plaintiff's allegations. <u>See</u> Exhibit A. A mistake in the use of Federal Rule of Civil Procedure 4(a) can be fatal. <u>Ayres</u>, 99 F.3d 569. The defects in the summons requires this Court to dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(2), for lack of jurisdiction over the person.

## CONCLUSION

For the foregoing reasons, the Defendant respectfully submits that this Court should

dismiss the Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and (6).

THE DEFENDANT,
FRANCISCO MORALES

By: _____
Eric W. F. Niederer  (CT 25773)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
One Stamford Plaza
263 Tresser Boulevard, 9th Floor
Stamford, Connecticut 06901
(203) 564-1900 (Telephone)
(203) 564-1402 (Facsimile)
Email:  NiedererE@wemed.com
Our File No.:  04951.00610

7

**EXHIBIT A**

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____SOUTHERN_____    District of    _____CONNECTICUT_____

GRZEGORZ DABROWSKI,
           **PLAINTIFF**

      V.

FRANCISCO MORALES,
           **DEFENDANT**

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

TO: (Name and address of Defendant)

FRANCISCO MORALES
723 Stevens Court
Paramus, New Jersey 07652

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

ATTORNEY ENRICO VACCARO
1057 BROAD STREET
BRIDGEPORT, CT 06604

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE

(By) DEPUTY CLERK

JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)   PLAINTIFFS

## DEFENDANTS

(b)  County of Residence of First Listed Plaintiff  Fairfield
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c)  Attorney's (Firm Name, Address, and Telephone Number)

Attorney Enrico Vaccaro (203)579-0001
1057 Broad Street Bridgeport, CT 06604

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1   U.S. Government Plaintiff
- ☐ 2   U.S. Government Defendant
- ☐ 3   Federal Question (U.S. Government Not a Party)
- ☒ 4   Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES   (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332
Brief description of cause:
intersection m.v.a. with injuries

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 495,000.

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE
10/5/05

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CONNECTICUT

**FILED**

2005 OCT -5 P 2: 06

GRZEGORZ DABROWSKI,

      **PLAINTIFF**  :  CIVIL NO.

U.S. DISTRICT COURT
BRIDGEPORT, CONN

VS.           :

FRANCISCO MORALES,   :  OCTOBER 5, 2005

      **DEFENDANT**

## COMPLAINT

**FIRST COUNT**

 1. The Plaintiff is a citizen of the State of Connecticut and resides at 131 McGrath Court, Stratford, CT.

 2. The Defendant is a citizen of the State of New Jersey and resides at 723 Stevens Court, Paramus, New Jersey.

 3. The jurisdiction of this court is invoked pursuant to 28 U.S.C. 1332 in that the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs and is between citizens of different states.

 4. At all times mentioned herein, Driggs Avenue was a public highway running in a generally east and west direction in Greenpoint, New York.

 5. At all times mentioned herein, Sutton Street was a public highway running in a generally north and south direction in Greenpoint, New York which intersected with Driggs Avenue.

 6. At all times mentioned herein, traffic on Sutton Street at its intersection with Driggs Avenue was controlled by a stop sign.

 7. On or about May 4, 2003 at approximately 4:15 p.m. the Plaintiff was

operating his motor vehicle in a westerly direction on Driggs Avenue through its intersection with Sutton Street.

8. At said time and place a motor vehicle owned and operated by the Defendant which was proceeding in a southerly direction on Sutton Street failed to stop for the stop sign at its intersection with Driggs Avenue and suddenly collided into the Plaintiff's car with great force and violence.

9. Said collision was directly and proximately caused by the carelessness and negligence of the Defendant in one or more of the following ways:

      a.  he failed to keep his vehicle under proper and reasonable control;

      b.  he failed to apply his brakes in time to avoid a collision although by a proper and reasonable exercise of his faculties he could and should have done so;

      c.  he failed to turn his vehicle to the left or right so as to avoid a collision although by a proper and reasonable exercise of his faculties he could and should have done so;

      d.  he failed to sound his horn or give any warning of the impending collision;

      e.  he operated his vehicle at an unreasonable rate of speed having due regard for the traffic, weather, width and use of the highways and intersection of streets;

      f. he operated his vehicle at an unreasonable rate of speed having due regard for the traffic, weather, width and use of the highways and intersection of streets in violation of Article 30, Section 1180 of the New York State Consolidated Laws;

      g. he failed to keep a proper and reasonable lookout for other motor vehicles lawfully using the highway like that of the Plaintiff;

      h. he operated his vehicle when it was not equipped with brakes adequate to bring it to a controlled stop within the distance and under the conditions prescribed and when the brakes were not in good working order, in violation of Article 9, Section 375 of the New York State Consolidated Laws;

      i. he was inattentive;

      j. he failed to stop at a stop sign at said intersection and yield the right of way to the Plaintiff's vehicle which had entered the intersection, in violation of Article 24, Section 1110 and Article 26, Sections 1142 and 1172 of the New York State Consolidated Laws;

      k. he failed to yield the right of way at said intersection to the Plaintiff's vehicle which had entered the intersection, in violation of Article 26, Section 1129 of the New York State Consolidated Laws;

      l. he failed to yield the right of way to the Plaintiff's vehicle.

    10. As a direct and proximate result of the aforesaid collision, the Plaintiff was caused to suffer the following serious and painful injuries, some or all of which may be permanent in nature:

      a. Herniated disc at L5-S1 with instability and bilateral radiculopathy requiring surgical disc excision, neural decompression and spinal fusion with pedicle screws and bone grafts;

      b. Hyperextension injury to the lumbar spine;

      c. Contusion to the lumbar spine;

      d. Bilateral spondylolysis at L4-5;

      e. Hyperextension injury to the cervical spine;

f. Contusion to the cervical spine;

g. Severe pain, suffering and emotional distress.

11. As a further result of said collision and the injuries sustained by the Plaintiff, he has incurred and will continue to incur expenses for hospital, medical, surgical care and treatment, x-rays, diagnostic testing, physical therapy, prescription drugs, etc. all to his financial loss and detriment.

12. As a further result of said collision and the resulting injuries the Plaintiff has lost earnings and his earning capacity has been impaired, all to his financial loss;

13. As a further result of said collision and the injuries sustained by the Plaintiff, he has been and will be unable to carry out and enjoy all of his usual activities and the quality of his life has been substantially diminished, all to his loss and detriment.

## SECOND COUNT

1.-8. Paragraphs 1 through 8 of the First Count are hereby made paragraphs 1 through 8 of this Second Count as if fully set forth herein.

9. Said occurrence and collision was directly and proximately caused by the reckless or wanton misconduct of the Defendant in one or more of the following ways:

a. he operated his motor vehicle recklessly and in a manner which unreasonably interfered with the free and proper use of the public highway and/or unreasonably endangered users of the public highway, in violation of Article 33, Section 1212 of the New York State Consolidated Laws;

b. although he knew that he was operating his motor vehicle on a public highway which intersected with a heavily traveled public highway and that it was dangerous to enter that intersection without first stopping and yielding the right of way to

oncoming vehicles, he consciously decided to proceed into that intersection without stopping, in reckless disregard of the just rights and safety of others or of the consequences of his actions.

10.-13.  Paragraphs 10 through 13 of the First Count are hereby made paragraphs 10 through 13 of this Second Count as if fully set forth herein.

**WHEREFORE,** The Plaintiff claims:

1.  Compensatory monetary damages;

2.  Punitive monetary damages;

3.  Costs;

4.  Such other and further relief as is within the jurisdiction of this court.

The Plaintiff hereby demands a trial by jury.

**THE PLAINTIFF**

BY

Enrico Vaccaro
1057 Broad Street
Bridgeport, CT 06604
(203) 579-0001 Phone
(203) 579-0002 Fax
Federal Bar No. CT05632

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid on this 17th day of November 2005, to the following:

Enrico Vaccaro, Esq.
Law Offices of Enrico Vaccaro
1057 Broad Street
Bridgeport, CT 06604

Eric W. F. Niederer

**<u>EXHIBIT C</u>**

1159872.1

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

GRZEGORZ DABROWSKI

V.                                    Case Number: 3:05-cv-1548 (SRU)

FRANCISCO MORALES

NOTICE TO COUNSEL
--------------------

   The court has reviewed the file in this case to monitor the parties'
compliance with Local Rule 26(e).  Local Rule 26(e) provides that, within
30 days after the appearance of any defendant, the attorneys of record and
any unrepresented parties must confer for purposes described in Fed. R.
Civ. P. 26(f).  Local Rule 26(e) further provides that, within 10 days
after the conference, the participants must jointly file a report of the
conference using Form 26(f).

   It appears that more than forty days have passed since the appearance
of a defendant in this case but no report has been filed.

   Accordingly, it is hereby ordered that the parties must file a Form
26(f) report by January 6, 2006 along with a written statement signed by
all counsel of record explaining why sanctions should not be imposed for
the parties' failure to comply with Local Rule 26(e).  Failure to comply
with this order will result in dismissal of the complaint.

   Dated at Bridgeport, Connecticut, December 16, 2005.


                    KEVIN F. ROWE, CLERK

                    By: /s/_____
                         Alice Montz
                         Deputy Clerk

**<u>EXHIBIT D</u>**

1159872.1

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

GRZEGORZ DABROWSKI

v                                                    3:05CV1548 (SRU)

FRANCISCO MORALES

O R D E R

In an order dated December 16, 2005 (Doc #9), the Court directed the parties to file their

26(f) Report by January 6, 2006.   To date,  no 26(f) report has been filed.

Accordingly, this case is dismissed, without prejudice, for failure to comply with the

Court's Orders.

**IT IS SO ORDERED.**

Dated at Bridgeport, Connecticut this 25th day of January 2006.


_____/s/_____
Stefan R. Underhill
United States District Judge

**CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid on this 2nd day of May, 2006, to the following:

Enrico Vaccaro, Esq.
Law Offices of Enrico Vaccaro
1057 Broad Street
Bridgeport, CT 06604

_____
Eric W. F. Niederer

1159872.1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CONNECTICUT

**GRZEGORZ DABROWSKI**  : **CIVIL ACTION NO. 305CV1548 SRU**

Plaintiff  :

**v.**  :

**FRANCISCO MORALES**  :

Defendant  : **JUNE 21, 2006**

## PLAINTIFF'S OBJECTION TO MOTION TO DISMISS

The Plaintiff hereby objects to the Defendant's Motion to Dismiss because the court does not lack personal jurisdiction over the Defendant and because the Plaintiff's complaint does not fail to state a claim upon which relief can be granted, as more particularly set forth in the Plaintiff's Memorandum of Law in Support of his Objection to the Defendant's Motion to Dismiss.

THE PLAINTIFF
GRZEGORZ DABROWSKI
BY
Enrico Vaccaro
Federal Bar No. CT05632
1057 Broad Street
Bridgeport, CT 06604
(203) 579-0001

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed postage prepaid on this 21 day of June, 2006 to:

Eric W. F. Niederer
Wilson Elser Moskowitz Edelman and Dicker L.L.P.
1 Stamford Plaza 263 Tresser Blvd. 9th Flr.
Stamford, CT 06901

ENRICO VACCARO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CONNECTICUT

GRZEGORZ DABROWSKI     : CIVIL ACTION NO. 305CV1548 SRU

   Plaintiff          :

   v.             :

FRANCISCO MORALES   :

   Defendant        : JUNE 21, 2006

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION TO MOTION TO DISMISS

By summons and complaint dated October 5, 2005, the Plaintiff, a resident of the State of Connecticut, commenced the above captioned action against the Defendant, a resident of the State of New Jersey, pursuant to 28 U.S.C.1332, to recover damages for serious personal injuries sustained in a motor vehicle accident on May 4, 2003 when while operating his car in New York in a westerly direction on Driggs Avenue through its intersection with Sutton Street, a car owned and operated by the Defendant which was proceeding in a southerly direction on Sutton Street failed to stop for a stop sign at its intersection with Driggs Avenue and violently collided into the Plaintiff's car. (Exhibit 1) The First Count of the Complaint, brought under §5101 et seq. of the New York State Consolidated Laws, alleges, inter alia, that the Defendant was negligent as a matter of law in the operation of his automobile by failing to stop at a stop sign, as mandated by Article 24 §1110 and Article 26, §§1142 and 1172, New York State Consolidated Laws, entitling the Plaintiff to recover compensatory damages from him, and the Second Count alleges, inter alia, that the Defendant was reckless in the operation of his motor vehicle in

violation of Article 33 §1212 of the New York State Consolidated Laws, entitling the Plaintiff to recover punitive monetary damages from him.

As a result of the Defendants tortious conduct in the operation of his motor vehicle, the Plaintiff sustained herniated discs at L5-S1 with instability and bilateral radiculopathy, a hyperextension injury to the cervical spine, a contusion to the cervical spine, a hyperextension injury to the lumbar spine, a contusion to the lumbar spine, bilateral spondylolysis at L4-5 and severe pain, suffering and emotional distress. He requires surgery for his lumbar injuries, has incurred and will incur special damages approximating $132,000.00 and has been left with permanent impairments of 5% to the cervical spine, 17% to the lumbar spine, and 13% to his whole person. Because this accident occurred in New York, the Plaintiff was entitled to and received no-fault insurance benefits under New York's comprehensive motor vehicle insurance laws. N.Y. Insurance Law §§ 5102(a), 5103, 5107 (McKinney 1985); (Exhibit 2).

On October 31, 2005, counsel appeared on behalf of the Defendant, who was served by mail at his last known address in New Jersey. (Exhibit 3) On November 11, 2005, the Defendant filed a Motion to Dismiss the Plaintiff's complaint, claiming therein that the summons served does not comply with Federal Rule of Civil Procedure 4(a) in that it was not signed and sealed by the clerk, and because Connecticut's 2 year statute of limitations expired before this action was commenced, thereby depriving the court of personal jurisdiction over the Defendant. Because these claims are both legally and factually erroneous, the Defendant's Motion to Dismiss must be denied.

## II. STATEMENT OF LAW

In determining a motion to dismiss for failure to state a claim, it is fundamental that the court must construe the complaint in the manner most favorable to the plaintiff, accepting the complaint's allegations as true. *Desiano v. Warner-Lambert Co.* 326 F.339, 347 (2d.Cir. 2003). "A complaint should not be dismissed for failure to state a claim 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* At 197-98. "Thus, the issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Id.* at 198.

The Defendant's Motion to Dismiss is predicated on his contention that under Connecticut choice of law rules, the statute of limitations applicable to this action is §52-584 C.G.S. In support of this claim, the Defendant relies on *Baxter v. Sturm Ruger & Co.* 230 Conn. 335, 340-341, 644 A. 2d 1297 (1994). In that case, the court held that the statute of limitations of the forum state will apply where the underlying right upon which the lawsuit is brought existed at common law. While the Defendant blithely asserts that "both negligence and recklessness existed as rights at common law, therefore Connecticut's two year statute of limitations applies..." an analysis of the facts and the New York law under which this action is brought establishes otherwise.

While the Connecticut Supreme Court " traditionally adhered to the doctrine that the substantive rights and obligations arising out of a tort controversy are determined by the law of the place of injury, or lex loci delicti. *Gibson v. Fullin* 172 Conn. 407, 411, 374 A.2d 1061 (1977)...", in *O'Connor v. O'Connor* 201 Conn. 648, 519 A. 2d 13 (1986) the court expressly abandoned "categorical allegiance" to the lex loci delicti in

tort actions, substituting the "most significant relationship" analysis of §§6 and 145 of the Restatement (Second).

Restatement (Second) §145(1) provides that "the rights and liabilities of the parties with respect to an issue are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in §6. §6 provides: "(1) a court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law. (2) when there is no such directive, the factors relevant to the choice of the relevant applicable rule of law include (a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relevant interests of those states in determination of the particular issue, (d) the protections of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result and (g) ease in the determination and application of the law to be applied." See *O'Connor v. O'Connor*, supra, 651. *O'Connor* directs that the court in evaluating the policy decisions set forth in §145(1) and §6(2) should look to Restatement (Second), supra §145(2) "which establishes black letter rules of priority to facilitate the application of the principles of §6 to tort cases. §145(2) of the Restatement (Second) lists the contacts of each jurisdiction that are factors in determining the choice of law under §6. These contacts include: (a) the place of injury; (b) the place where the conduct causing the injury occurred; (c) the domiciles of the parties; (d) the place where the relationship, if any, between the parties is centered. In this case the injury occurred in New York due to conduct which occurred in New York. As comment (e) to §145 provides: "When the injury occurred in a single,

clearly ascertainable state and when the conduct which caused the injury also occurred there, that state will usually be the state of the applicable law..." In this case, New York clearly has the greatest contact with the parties. Moreover, the policy interests of both New York and Connecticut are advanced by applying New York law here. New York has a comprehensive scheme of insurance coverage which, unlike Connecticut, provides benefits under no fault insurance with a minimum limit of $50,000.00 as well as limitations on the right to bring a claim for personal injuries. New York Insurance Law §§5101 et seq. (McKinney 1985) Its policy of containing no fault premiums and reducing litigation and Connecticut's concern for the protection of its residents are both advanced by the application of New York Law to this case. See *Licari v. Elliot* 57 N.Y.2d 230, 441 N.E. 2d 1088 (1982) Because the accident in issue occurred in New York, and the Plaintiff collected New York no fault benefits for injuries arising out of this New York collision, under choice of law principles, New York law governs.

Under New York law, an action to recover damages for personal injuries must be commenced within 3 years. New York State Consolidated Laws §214. In *Baxter v. Sturm Ruger & Company,* supra, the court set out an analysis for determining which statute of limitations must be applied in a situation where each state has a statute of limitations that ostensibly could be applied. After discussing the difference between a statute of limitations and a statute of repose, the court concluded that they are indistinguishable and "neither substantive nor procedural per se for choice of law purposes." Id. at 347. The court then went on to state that "In any given case, the characterization of the applicable statute of repose depends on the nature of the underlying right that forms the basis of the lawsuit. If the right existed at common law, then the statute of repose is properly

characterized as procedural because it functions only as a qualification of the remedy to enforce the pre-existing right. If, however, the right is newly created by the statute, then the statute of repose is properly characterized as substantive... Id at 347.

The Plaintiff's action, which alleges violations of New York motor vehicle statutes by the Defendant in the operation of his car, was brought pursuant to §5101 et seq. of the New York State Consolidated Laws. In *Licari v. Elliot,* supra, the Court of Appeals of New York held that in enacting the aforesaid legislation, the legislature abrogated the common law right of persons injured in auto accidents to have the unfettered right to sue for their damages, and replaced that right with the new statutory cause of action set forth in §5104. That section, entitled Causes of Action for Personal Injury, states, in relevant part: "Not withstanding any other law, in any action by or on behalf of a covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non economic loss, except in the case of serious injury, or for basic economic loss..." Because the statutory cause of action under which the Plaintiff's claim is brought did not exist at common law, the statute of limitations is substantive. Under the foregoing analysis, since the Plaintiff's statutory cause of action under §5104 was commenced well within 3 years of the accident date and New York law applies, the Plaintiff's action is not time barred and the Defendant's Motion to Dismiss must be denied.

Assuming arguendo that Connecticut's 2 year statute of limitations is applicable to this action because it is deemed procedural, under §52-290 C.G.S. it would be tolled during the period of time that the Defendant was outside Connecticut. That statute states, in relevant part: "In computing the time limit in the period of limitation prescribed under

any provision of chapter 925 (§52-555 et seq.)...the time during which the party, against whom there may be any cause of action, is without this state shall be excluded from the computation..." Because the Defendant is a resident of New Jersey, under §52-290 C.G.S. the statute of limitations on any claim against him would be tolled.

Finally, the Defendant's contention that the court lacks personal jurisdiction over him because the clerk did not sign or seal the summons served upon him is factually erroneous. A perusal of that summons, attached        as Exhibit 3 establishes that it fully complies with Federal Rule of Civil Procedure 4(a).

### III. CONCLUSION

Because the Plaintiff's statutory cause of action newly created by §5104 et seq. of the New York State Consolidated Laws did not exist at common law, the statute of limitations applicable to it is substantive. Because New York has the most significant relationship to this matter, its 3 year limitation on personal injury actions applies and the Plaintiff's action is clearly not time barred. In addition, even if Connecticut's 2 year statute of limitations was deemed to apply, under §52-290 C.G.S. it would be tolled as to the Defendant because he is a New Jersey resident. Finally, the summons served on the Defendant fully complies with Rule 4(a) of the Federal Rules of Civil Procedure.

Accordingly, for all of the foregoing reasons and analysis, the court does not lack personal jurisdiction over the Defendant, and because in determining his motion to dismiss for failure to state a claim, the court must construe the complaint in the manner most favorable to the Plaintiff, accept its allegations as true, and refuse to dismiss it unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief, said Motion to Dismiss must be denied.

THE PLAINTIFF
GRZEGORZ DABROWSKI
BY

Enrico Vaccaro
Federal Bar No. CT05632
1057 Broad Street
Bridgeport, CT.06604
(203) 579-0001

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed postage prepaid on this

21 day of June 2006 to:

Eric W. F. Niederer
Wilson Elser Moskowitz Edelman and Dicker L.L.P.
1 Stamford Plaza 263 Tresser Blvd. 9th Flr.
Stamford, CT 06901

ENRICO VACCARO

# EXHIBIT 1

New York State Department of Motor Vehicles

# POLICE ACCIDENT REPORT (NYC)
MV-104AN (7/01)

Page 1 of 1 Pages

Precinct 094

Accident No. 0940300628

Complaint Number

☐ **AMENDED REPORT**

| Accident Date | | | Day of Week | Military Time | No. of Vehicles | No. Injured | No. Killed | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Month 5 | Day 4 | Year 03 | Sun | 1615 | 2 | 00 | 00 | Not investigated at Scene ☐ | Left Scene ☐ | Police Photos ☐ Yes ☐ No |
| | | | | | | | | Accident Reconstructed ☐ | | |

## VEHICLE 1

☒ VEHICLE 2    ☐ BICYCLIST    ☐ PEDESTRIAN    ☐ OTHER PEDESTRIAN

| VEHICLE 1 - Driver | | VEHICLE 2 - Driver | |
|---|---|---|---|
| License ID Number 03900069 | State of Lic. TX | License ID Number M6554 26700 09451 | State of Lic. NJ |
| Driver Name -exactly as printed on license DABROWSKI, GRZEGORZ | | Driver Name -exactly as printed on license FRANCISCO, MORALES | |
| Address (Include Number & Street) 5601 EAGLE DR. | Apt. No. | Address (Include Number & Street) 723 STEVENS CT | Apt. No. |
| City or Town ROWLETT | State TX | Zip Code 75088 | City or Town PARAMUS | State NJ | Zip Code 07652 |

| Date of Birth | | | Sex | Unlicensed | No. of Occupants | Public Property Damaged | Date of Birth | | | Sex | Unlicensed | No. of Occupants | Public Property Damaged |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Month 10 | Day 24 | Year | M | ☐ | 4 | ☐ | Month 9 | Day 12 | Year 45 | M | ☐ | 3 | ☐ |

| Name—exactly as printed on registration DABROWSKI, GRZEGORZ | Sex M | Date of Birth Month Day Year | Name—exactly as printed on registration SAME | Sex | Date of Birth Month Day Year |
|---|---|---|---|---|---|
| Address (Include Number & Street) 140 Halley Ave | Apt. No. | Haz. Mat. Code | Released ☐ | Address (Include Number & Street) | Apt. No. | Haz. Mat. Code | Released ☐ |
| City or Town Fairfield | State CT | Zip Code 06824 | City or Town | State | Zip Code |

| Plate Number 776RWP | State of Reg. CT | Vehicle Year & Make 92 BMW | Vehicle Type 4DSD | Ins. Code | Plate Number KX109M | State of Reg. NJ | Vehicle Year & Make 85 ACU | Vehicle Type 4DR | Ins. Code 046 |
|---|---|---|---|---|---|---|---|---|---|
| Ticket/Arrest Number(s) | | | | | Ticket/Arrest Number(s) | | | | |
| Violation Section(s) | | | | | Violation Section(s) | | | | |

Check if involved vehicle is:
☐ more than 95 inches wide;
☐ more than 34 feet long;
☐ operated with an overweight permit.
☐ operated with an overdimension permit.

Check if involved vehicle is:
☐ more than 95 inches wide;
☐ more than 34 feet long;
☐ operated with an overweight permit.
☐ operated with an overdimension permit.

### VEHICLE 1 DAMAGE CODES
Box 1 - Point of Impact 4
Box 2 - Most Damage 5
Enter up to three more Damage Codes 6 4 5

### VEHICLE 2 DAMAGE CODES
Box 1 - Point of Impact 1
Box 2 - Most Damage 2
Enter up to three more Damage Codes 3 4 5

Vehicle Towed: By To N/A

Vehicle Towed: By To N/A

Circle the diagram below that describes the accident, or draw your own diagram in space #9. Number the vehicles.

| Rear End | Left Turn | Right Angle | Right Turn | Head On |
|---|---|---|---|---|
| 1. | 2. | 3. | 5. | 4. |
| Overtaking | Left Turn | | Right Turn | Sideswipe |
| 7. | 6. | | 5. | 8. |

ACCIDENT DIAGRAM

(4)

### VEHICLE DAMAGE CODING:
1-13. SEE DIAGRAM ON RIGHT.
14. UNDERCARRIAGE
15. TRAILER
16. OVERTURNED
17. DEMOLISHED
18. NO DAMAGE
19. OTHER

Cost of repairs to any one vehicle will be more than $1000.
☒ Unknown/Unable to Determine    ☐ Yes    ☐ No

| Reference Marker | Coordinates (if available) Latitude/Northing: Longitude/Easting: | Place Where Accident Occurred: ☐ BRONX ☐ KINGS ☐ NEW YORK ☐ QUEENS ☐ RICHMOND |
|---|---|---|

Road on which accident occurred D8 995 Ave
(Route Number or Street Name)

at 1) intersecting street SUTTON ST.
(Route Number or Street Name)

or 2) ☐ N ☐ S ☐ E ☐ W of _____ Feet ___ Miles
(Milepost, Nearest Intersecting Route or Street Name)

Accident Description/Officer's Notes TPD veh# STATES He WAS TRAVELING W/B ON D1 995 AVE W/ NO TRAFFIC DEVISE WHEN VEH # 2 WENT THROUGH STOP SIGN + HIT HIM. VEH#2 STATES HE STOPPED AT LIGHT + DID NOT SEE veh#1

| | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | BY | TO | 18 | Names of all involved | Date of Death Only |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A L L | 1 | | 4 | | 1 | 24 | M | — | 13 | 6 | | — | | DABROWSKI, GRZEGORZ | |
| I N V O L V E D | 8 1 | 3 | 4 | | 1 | 7 | M | — | 13 | 6 | | — | | FAJKOWSKI, SYLVESTER | |
| | 4 | 1 | 6 | | 1 | 7 | F | — | 13 | 6 | | — | | WYSOCKA, MONIKA | |
| | 1 | | 1 | | 1 | 16 | F | — | 13 | 6 | | — | | WITCZRZAK, KATIE | |
| | 2 | 3 | | | 1 | 58 | M | — | 13 | 6 | | — | | FRANSISCO MORALES | |
| | | | 4 | | | 58 | M | — | 13 | 6 | | — | | MORALES, DINOCAM | |

| Officer's Rank and Signature ▶ | Tax ID No. 918131 | NCIC No. 03030 | Precinct 094 | Post/Sector | Reviewing Officer | Date/Time Reviewed |
|---|---|---|---|---|---|---|
| Print Name | | | | | | |

USE COVER SHEET

**PERSONS KILLED OR INJURED IN ACCIDENT** (Letter designation of persons killed or injured    st correspond with letter designation on front).

| A  Last Name | First | M.I. | D  Last Name | First | M.I. |
|---|---|---|---|---|---|
| Address | | | Address | | |

| Date of Birth | | | Telephone (Area Code) | Date of Birth | | | Telephone (Area Code) |
|---|---|---|---|---|---|---|---|
| Month | Day | Year | ( ) | Month | Day | Year | ( ) |

| B  Last Name | First | M.I. | E  Last Name | First | M.I. |
|---|---|---|---|---|---|
| Address | | | Address | | |

| Date of Birth | | | Telephone (Area Code) | Date of Birth | | | Telephone (Area Code) |
|---|---|---|---|---|---|---|---|
| Month | Day | Year | ( ) | Month | Day | Year | ( ) |

| C  Last Name | First | M.I. |
|---|---|---|
| Address | | |

Highway Dist. at Scene?  ☐ Yes  ☐ No
Name:

| Date of Birth | | | Telephone (Area Code) |
|---|---|---|---|
| Month | Day | Year | ( ) |

Shield No.

**ENTER INSURANCE POLICY NUMBER FROM INSURANCE IDENTIFICATION CARD, EXPIRATION DATE (IN ALL CASES), AND VIN.**

Vehicle No. 1  9 19 088539

Vehicle No.2  021896074

Expiration Date  3/20/04

Expiration Date  10/15/04 03

VIN  WBAHD63I0NBT82404

VIN  JH4KA7688SC019570

**WITNESS (Attach separate sheet, if necessary)**

| Name | Address | Phone |
|---|---|---|
| | | |

**DUPLICATE COPY REQUIRED FOR:**

☐ Dept. of Motor Vehicles
(if anyone is killed/injured)

☐ Motor Transport Division
(P.D. vehicle involved)

☐ NYC Taxi & Limousine Comm.
(if a Licensed taxi or limousine involved)

☐ Other City Agency
(Specify)

☐ Office of Comptroller
(if a City vehicle involved)

☐ Personnel Safety Unit
(if a P.D. vehicle involved)

☐ Highway Unit _____

**NOTIFICATIONS:**  (Enter name, address, and relationship of friend or relative notified. If aided person is unidentified, list Missing Person Squad member who was notified. In either case, give date and time of notification.)

**PROPERTY DAMAGED (other than vehicles)**

**OWNER OF PROPERTY (include city agency, where applicable)**

**IF NYPD VEHICLE IS INVOLVED:**

| Police Vehicle–Operator's First Name | Last Name | Rank | Shield No. | Tax ID. No. | Command |
|---|---|---|---|---|---|
| | | | | | |

| Make of Vehicle | Year | Type of Vehicle | Plate No. | Dept. Vehicle No. | Assigned To What Command |
|---|---|---|---|---|---|
| | | | | | |

Equipment in Use At Time of Accident

☐ Siren   ☐ Horn   ☐ Turret Light   ☐ 4-Way Flasher   ☐ High-Level Warning Lights   ☐ Traffic Cones   ☐ Headlights

**ACTIONS OF POLICE VEHICLE**

☐ Responding to Code Signal _____
☐ Pursuing Violator
☐ Other (Describe) _____

☐ Complying with Station House Directive
☐ Routine Patrol

# EXHIBIT 2

Illlllllllllllllllllllllllllllllllllllll

GRZEGORZ DABROWSKI
140 HALLEY AVE
FAIRFIELD CT 06824


## ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY
### NEW YORK MOTOR VEHICLE NO-FAULT INSURANCE LAW
### COVER LETTER

COMPLETE THE ATTACHED DB-450 FORM IMMEDIATELY IF YOU ARE ENTITLED TO NEW YORK STATE DISABILITY BENEFITS AND MAIL OR GIVE IT TO YOUR EMPLOYER. TO FIND OUT IF YOU ARE ELIGIBLE, TELEPHONE THE NEW YORK STATE DISABILITY BENEFITS BUREAU AT (718) 802-6964

Injured Party: GRZEGORZ DABROWSKI

Desk:
000-000-0000

| DATE | POLICYHOLDER | POLICY NUMBER | DATE OF ACCIDENT | CLAIM NUMBER |
|------|-------------|---------------|------------------|--------------|
| 05/26/03 | GRZEGORZ DABROWSKI | 919088539 | May 4, 2003 | 3963638567 |

DEAR APPLICANT:

This will acknowledge receipt of notice that you may have sustained injuries in the above captioned accident. The New York No-Fault Law provides for the payment of benefits to victims of motor vehicle accidents to reimburse them for their basic economic loss. Briefly summarized, basic economic loss consists of up to $50,000 per person in benefits for the following:

    a.    all necessary doctor and hospital bills and other health service expenses, payable in accordance with fee schedules establised or adopted by the New York State Insurance Department;

    b.    80% of lost earnings up to a maximum monthly payment of $2,000 for up to three years following the date of the accident;

    c.    up to $25 per day for a period of one year from the date of the accident for other reasonable and necessary expenses the injured person may have incurred because of an injury resulting from the accident, such as the cost of hiring a housekeeper or necessary transportation expenses to and from a health service provider; and

    d.    a $2,000 death benefit, payable to the estate of a covered person, in addition to the $50,000 coverage for economic loss described above.

Additional benefits may be owed to you if the above policy has been endorsed to include Optional Basic Economic Loss coverage and/or Additional Personal Injury Protection coverage.

In determining the benefits payable to you under the No-Fault Law, amounts recovered or recoverable on account of the accident from Workers' Compensation, New York State Disability, and certain wage continuation plans will reduce your No-Fault benefits. Therefore, if you are entitled to any of these benefits you should make your claim for them promptly.

If you are a named insured or relative under a Mandatory Personal Injury Protection policy which includes OBEL coverage, you may be entitled to an additional $25,000 of Basic Economic Loss coverage. You should make your claim to that motor vehicle insurer promptly, but in no event later than 90 days after your $50,000 of Basic Economic Loss coverage under this policy is exhausted.

NOTE: The No-Fault Law provides that if you are injured on a bus or a school bus in New York State, No-Fault benefits must be paid by your auto insurer or if you have no auto, the auto insurer of a relative with whom you reside. The law further provides that you should only file a No-Fault claim with us if there is no such auto policy in your household. The above rule does not apply and you may file a No-Fault claim with us if you are the operator, owner or employee of the owner of the bus company.

C2594NY-5
NYS FORM NF-1A (Rev 9/2001)



# EXHIBIT 3

%AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

SOUTHERN _____ District of CONNECTICUT _____

GRZEGORZ DABROWSKI,
          PLAINTIFF

     V.

FRANCISCO MORALES,
          DEFENDANT

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:  **305CV1548 SR#1**

TO: (Name and address of Defendant)

FRANCISCO MORALES
723 Stevens Court
Paramus, New Jersey 07652

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

ATTORNEY ENRICO VACCARO
1057 BROAD STREET
BRIDGEPORT, CT 06604

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

A True Copy
ATTEST

KEVIN R ROWE
Clerk, U. S. District Court

By......D. Canlee......
Deputy Clerk

10/11/05

KEVIN F. ROWE
_____
CLERK

D. Canlee

_____
DATE



341431

INDEX NO: 305CV1548
ATTY: **ENRICO VACCARO**
**1057 BROAD STREET**
**BRIDGEPORT, CT 06604**

**U.S. DISTRICT COURT, SOUTHERN DIST.**
**CONNECTICUT**

**STATE OF NEW YORK: COUNTY OF CONNECTICU**    347112
Attorney File #

**GRGEGORZ DABROWSKI**
                                                                        **Plaintiff(s)**

                    **- against -**
**FRANCISCO MORALES**
                                                                        **Defendant(s)**

---

**STATE OF NEW YORK, COUNTY OF QUEENS: SS:**

EDNA BORJA BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS
OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 1/7/2006 at 10:35AM at 723 STEVENS COURT, PARAMUS, NJ 07652, PRIVATE HOUSE deponent served the
within SUMMONS & COMPLAINT IN A CIVIL ACTION on FRANCISCO MORALES. At time of service the index number
and date of filing were on the SUMMONS & COMPLAINT IN A CIVIL ACTION

**SUITABLE AGE PERSON**

Service was made in the following manner after your deponent was unable with due diligence to serve the defendant in
person.
By delivering a true copy of the thereof to and leaving with "JOHN DOE", CO-TENANT a person of suitable age and
discretion at 723 STEVENS COURT, PARAMUS, NJ 07652, PRIVATE HOUSE, the said premises being the defendants
Dwelling Place within the State of New York.

**MAILING**   **First Class Mail**

Deponent completed service under the last two sections by depositing 1 Copy of the SUMMONS & COMPLAINT IN A
CIVIL ACTION to FRANCISCO MORALES at 723 STEVENS COURT, PARAMUS, NJ 07652, PRIVATE HOUSE in a
postpaid, properly addressed envelope in an official depository under the exclusive care and custody of the United States
Post Office in the State of New York on 1/9/2006 via First Class Mail.The mailing was made to the address bearing
'PERSONAL & CONFIDENTIAL' and not indicating 'LEGAL ACTION'.

**A DESCRIPTION OF THE DEFENDANT OR OTHER PERSON SERVED ON BEHALF OF THE DEFENDANT IS AS**
**FOLLOWS:**

Approximate age: **38**              Approximate weight: **165**              Approximate height: **5'8"**
Color of skin: **BROWN**              Color of hair: **BLACK**                Sex: **M**
**Military**  ☒  Upon information and belief I aver that the recipient is not in military service of New York State or of the
**Service**        United States as that term is defined in either the State or in the Federal statutes.

Sworn to before me on   **JAN 1 0 2006**

LUIS A. CRESPO
Commissioner of Deeds
City of New York No. 4-4920
Certificate Filed in Queens County
Commission Expires Aug. 1, 2007

DONNA P. SMITH
Notary Public, State of New York
No. 01SM6105016
Qualified in Queens County
Commission Expires February 2nd, 2008

**ELITE PROCESS SERVERS * 88-08 Little Neck Parkway, Floral Park, NY 11001**

Main Menu | My Account | Print |

| People | Businesses | Assets | Licenses | Directory Assistance | Courts |

PERSON

| Last Name | First Name | Middle Name | SSN |

R

| Street Address | City | State | Zip | County | Radius |

| Phone | DOB | Age Range |

☐ Search for other possible name spellings   ☐ Include Bankruptcies ($0.25)

Output Type:  ● Formatted HTML   ○ Cut and Paste / Printer Friendly Text (No Reports)

**Important:** The Public Records and commercially available data sources used in this system have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. This system should not be relied upon as definitively accurate. Before relying on any data this system supplies, it should be independently verified. For Secretary of State documents, the following data is for information purposes only and is not an official record. Certified copies may be obtained from that individual state's Department of State.

**Search completed**                            **Records: 1 to 12 of 12**

Click Icons Below To Run a Report        📊 Export to Excel    🔳 Icon Legend        Click Icons Below To Run a Report

| All | Full Name | Age/DOB | Address | Dates | Phone Informa |
|---|---|---|---|---|---|
| | FRANCISCO MORALES<br>132-54-xxxx | | 723 STEVENS CT<br>PARAMUS NJ 07652-3706 | Oct 91 - Jan 05 | (201) 447-6162 |
| | FRANCISCO D MORALES<br>132-54-xxxx | 60<br>Sep 01, 1945 | 723 STEVENS CT APT 4G<br>PARAMUS NJ 07652-3706 | Oct 91 - Jan 05 | (201) 447-6162 |
| | FRANKLIN L MORALES<br>132-54-xxxx | 27<br>Aug 78 | 723 STEVENS CT<br>PARAMUS NJ 07652-3706 | Jun 97 - Jun 01 | (201) 447-6162 |
| | FRANCISCO L MORALES<br>132-54-xxxx | | 723 STEVENS CT APT 4G<br>PARAMUS NJ 07652-3706 | Jun 01 | (201) 447-6162 |
| | FRANCISCO M MORALES<br>132-54-xxxx | 60<br>Sep 12, 1945 | 90 LAUREL HILL TER APT 4G<br>NEW YORK NY 10033-1623 | Jan 83 - Jun 01 | 447-6162 |
| | SRANCISCO MORALES<br>132-54-xxxx | | 723 STEVENS CT<br>PARAMUS NJ 07652-3706 | Jun 99 - Oct 00 | |
| | FRANCISCO D MORALES<br>132-54-xxxx | 60<br>Jan 01, 1945 | 427 FORT WASHINGTON AVE APT 1A<br>NEW YORK NY 10033-3522 | Jan 90 - Jan 99 | 447-6162 |
| | FRANCISCO M MORALES<br>132-54-xxxx | 60<br>Sep 12, 1945 | 427 FORT WASHINGTON AVE<br>NEW YORK NY 10033-3505 | Jan 90 - Jan 99 | |
| | FRANCISCO D MORALES<br>132-54-xxxx | 60<br>Jan 01, 1945 | 90 LAUREL HILL TER APT 4G<br>NEW YORK NY 10033-1621 | Dec 93 - Apr 96 | 447-6162 |

Main Menu  |  My Account  |  Print  |

| People | Businesses | Assets | Licenses | Directory Assistance | Courts |

PERSON

| Last Name | First Name | Middle Name | SSN |

R

| Street Address | City | State | Zip | County | Radius |

| Phone | DOB | Age Range |

☐ Search for other possible name spellings    ☐ Include Bankruptcies ($0.25)

Output Type:  ⦿ Formatted HTML    ○ Cut and Paste / Printer Friendly Text (No Reports)

**Important:** The Public Records and commercially available data sources used in this system have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. This system should not be relied upon as definitively accurate. Before relying on any data this system supplies, it should be independently verified. For Secretary of State documents, the following data is for information purposes only and is not an official record. Certified copies may be obtained from that individual state's Department of State.

**Search completed**                                              **Records:  1 to 6 of 6**

| Click Icons Below To Run a Report | | Export to Excel | Icon Legend | Click Icons Below To Run a Report | |
|---|---|---|---|---|---|
| **All** | **Full Name** | **Age/DOB** | **Address** | **Dates** | **Phone Informa** |
| | FRANCISCO M MORALES 085-50-xxxx | 54 May 23, 1951 | 65 FORT WASHINGTON AVE APT 35 NEW YORK NY 10032-4636 | Aug 95 - Jun 01 | (212) 795-2759 MORALES ROBERTO |
| | FRANCISCO M MORALES 085-50-xxxx | | 90 LAUREL HILL TER APT 35 NEW YORK NY 10033-1619 | Dec 93 - Mar 94 | |
| | EDMOND L SUGGS 085-50-xxxx | 47 May 58 | 2323 1ST ST NW WASHINGTON DC 20001-1017 | Jul 91 - Dec 92 | |
| | FRANCISCO M MORALES 085-50-xxxx | 60 Sep 45 | 427 FORT WASHINGTON AVE APT 1A NEW YORK NY 10033-3522 | Mar 90 - Apr 92 | 447-6162 |
| | FRANCISCO M MORALES 085-50-xxxx | | 723 STEVENS CT PARAMUS NJ 07652-3706 | Nov 91 | |
| | EDMOND L SUGGS 085-50-xxxx | 47 May 58 | 1175 LINCOLN PL APT 2D BROOKLYN NY 11213-3527 | Apr 91 | |

Export to Excel                    **Records: 1 to 6 of 6**

**MORALES, ROBERTO**  more info

65 Fort Washington Ave
Manhattan, NY 10032
(212) 795-2759



| | | FRANCISCO D MORALES<br>132-54-xxxx | 60<br>Sep 01, 1945 | 723 STEVENS CT APT 4G<br>PARAMUS NJ 07652-3706 | Dec 93 - Mar 96 | 447-6162 |
| | | FRANCISCO MORALES<br>132-54-xxxx | 60<br>Sep 12, 1945 | 612 W 178TH ST<br>NEW YORK NY 10033-6550 | Jun 86 - Oct 95 | |
| | | DINORAH MORALES<br>132-54-xxxx | | 90 LAUREL HILL TER<br>NEW YORK NY 10033-1619 | Jan 83 - Dec 92 | |

**Export to Excel**

**Records: 1 to 12 of 12**

Print Date: 11/16/05 Wed 12:12:29 PM          **ATTEMPT OF SERVICE**

Processor: PATRICK PARET                                    EPS #: 347112

Attorney: ENRICO VACCARO

Index Number: 305CV1548

Type of Document: S&CIA        SUMMONS & COMPLAINT IN A

Defendant: FRANCISCO MORALES

Act. Served Upon:

Address: 123 WILLIAM STREET
NEW YORK, NY 10038

Apt #: _____    Private House: _____    Business: _____
**If this information is not filled in, you will not be paid for this service**

First  Attempt Date: _____    TIME: _____          MAILDATE

Second  Attempt Date: _____    TIME: _____          _____

Third  Attempt Date: _____    TIME: _____

## Description of Person Served

Age: _____    Glasses: _____    Sex: _____

Color of Skin: _____            Height: _____

Color of Hair: _____            Weight: _____

Other Features: _____

## Comments

SERVED AT SECRETARY OF STATE, 123 WILLIAMS STREET, NEW YORK, NY & SENT

COPY OF AFFIDAVIT OF SERVICE TO FRANCISCO MORALES AT 735 STEVENS COURT

PARAMUS, NJ 07652 PER 253 VEH & TR LAW ON 11/

**ELITE PROCESS SERVERS * 88-08 Little Neck Parkway, Floral Park, NY 11001**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

———————————————————————— x

GRZEGORZ DABROWSKI,                          :
                        Plaintiff             CIVIL ACTION NO.
                                          :   3:05-CV-01548 (SRU)

    -against-                                 :

                                          :   APRIL 24, 2007

                                          :

FRANCISCO MORALES,
                    Defendant

———————————————————————— x

## DEFENDANT'S MOTION TO DISMISS

The Defendant, FRANCISCO MORALES, respectfully moves the Court pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) to dismiss the complaint filed by the Plaintiff, GRZEGORZ DABROWSKI, for lack of jurisdiction over the Defendant's person and for failing to state a claim upon which relief can be granted. As required by Local District Rule 7(a)(1), a supporting memorandum of law accompanies this motion.

WHEREFORE, the Defendant requests that this Honorable Court enter an Order dismissing the Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b) together with such other relief as this Honorable Court may deem just and proper.

73052.1

Dated:    Stamford, Connecticut
          April 24, 2007

                              Respectfully submitted,

                                   THE DEFENDANT,
                                   FRANCISCO MORALES

                                   By: _____
                                   Eric W. F. Niederer  (CT 25773)
                                   WILSON, ELSER, MOSKOWITZ,
                                   EDELMAN & DICKER LLP
                                   177 Broad Street, 6th Floor
                                   Stamford, Connecticut 06901
                                   (203) 388-9100 (Telephone)
                                   (203) 388-9101 (Facsimile)
                                   Email:  Eric.Niederer@WilsonElser.com
                                   Our File No.:  04951.00610

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

———————————————————————— x

GRZEGORZ DABROWSKI,
                 Plaintiff          :      CIVIL ACTION NO.
                                 :      3:05-CV-01548 (SRU)

     -against-                      :

                                 :      APRIL 24, 2007

                                 :

FRANCISCO MORALES,
                 Defendant

———————————————————————— x

**DEFENDANT'S MEMORANDUM OF LAW**
**IN SUPPORT OF HIS MOTION TO DISMISS**

## PRELIMINARY STATEMENT

The Defendant, Francisco Morales, respectfully submits this memorandum of law in support of his motion to dismiss. This Court must dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(2), for lack of jurisdiction over the person. In addition or in the alternative, the Defendant submits that this Court must dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failing to state a cause of action upon which relief can be granted. Connecticut's two-year statute of limitations for injuries to the person or real property caused by negligence or reckless misconduct expired before the Plaintiff, Grzegorz Dabrowski, brought this action against the Defendant.

## STATEMENT OF FACTS

On or about May 4, 2003, motor vehicles operated by the Plaintiff and the Defendant collided at the intersection of Sutton Street and Driggs Avenue in Greenpoint, New York. See Plaintiff's Complaint, dated October 5, 2005, First Count, ¶¶ 4-8, attached as Exhibit A. The Plaintiff claims that the Defendant's negligence and recklessness caused this collision, and he seeks damages from the Defendant for the injuries he sustained in the accident. See Exhibit A, First Count, ¶¶ 9-13; id., Second Count, ¶¶ 9-13. The Plaintiff, a citizen of the State of Connecticut, commenced this action against the Defendant, a citizen of the State of New Jersey. See Exhibit A, First Count, ¶¶ 1-2.

## ARGUMENT

**I.    Standard of Review for Motion to Dismiss**

When deciding whether to grant a motion to dismiss for failure to state a claim, the court construes the complaint in the light most favorable to the Plaintiff, accepting the allegations as true. Desiano v. Warner-Lambert Co., 326 F.3d 339, 347 (2d. Cir. 2003). A motion to dismiss admits all well-pleaded facts. Ferreira v. Pringle, 255 Conn. 330, 346 (2001). A complaint

2

73052.1

should be dismissed where it appears beyond doubt that the Plaintiff cannot present facts entitling him to relief. Chosun Int'l v. Chrisha Creations, Inc., 413 F.3d 324, 327 (2d Cir. 2005), citing Conley v. Gibson, 355 U.S. 41, 46 (1957).

## II.    The Defendant Does Not Have the Minimum Contact with Connecticut to Confer this Court with Personal Jurisdiction.

This Court does not have personal jurisdiction over the Defendant. The Defendant has neither committed any of the enumerated acts listed in Connecticut's long-arm statute nor has he the minimum contacts with Connecticut necessary to establish the jurisdiction of this Court over him or to satisfy the due process requirements of the federal constitution. The Court, consequently, cannot exercise personal jurisdiction over him and must dismiss the complaint.

"When a defendant files a motion to dismiss challenging the court's jurisdiction, a two part inquiry is required. The trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the [defendant]. If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process … If a challenge to the court's personal jurisdiction is raised by a defendant … the plaintiff must bear the burden of proving the court's jurisdiction." (Citations omitted, internal quotation marks omitted.) Knipple v. Viking Communs., 236 Conn. 602, 606-07 (1996).

### A.    Long-Arm Jurisdiction

Connecticut's long-arm statute provides:

(a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual, foreign partnership or foreign voluntary association, or over the executor or administrator of such nonresident individual, foreign partnership or foreign voluntary association, who in person or through an agent: (1) Transacts any business within the state; (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; (3) commits a

tortious act outside the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if such person or agent (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; (4) owns, uses or possesses any real property situated within the state; or (5) uses a computer, as defined in subdivision (1) of subsection (a) of section 53-451, or a computer network, as defined in subdivision (3) of subsection (a) of said section, located within the state. Conn. Gen. Stat. § 52-59b (2007).

Because this action is against a nonresident individual, Francisco Morales, and does not arise out of any of the enumerated acts in the long-arm statute, the Court does not have personal jurisdiction.

The alleged motor vehicle accident occurred in New York. See Exhibit A, First Count, ¶¶ 4-8. The Defendant currently resides in New Jersey. See ¶ 4 of Affidavit of Francisco Morales attached as Exhibit B. The Defendant also resided in New Jersey at the time of the motor vehicle accident, which is the basis of this action. See Exhibit B, ¶¶ 3, 5. The Defendant did not and does not own, possess or use any real property located in Connecticut. See Exhibit B, ¶ 7. The Defendant is currently retired. See Exhibit B, ¶ 10. At the time of the motor vehicle accident alleged in the complaint, the Defendant did not transact any business in Connecticut or attempt to transact any business in Connecticut. See Exhibit B, ¶¶ 8, 9 & 11. The Defendant did not, and does not, do business, solicit business or engage in any other persistent course of conduct, or derive substantial revenue from goods used or consumed or service rendered in Connecticut prior to, during or after the motor vehicle accident alleged in the complaint. See Exhibit B, ¶ 12. The Defendant did not use a computer or computer network within Connecticut at the time of the motor vehicle accident. See Exhibit B, ¶ 14. The Defendant did not expect nor could he reasonably expect his operation of a motor vehicle in New York to have consequences in the state of Connecticut or to have established jurisdiction of a court in Connecticut over him. Furthermore, the Defendant did not derive substantial revenue from interstate or international

4

commerce from his operation of his motor vehicle in New York. The Defendant has not committed any act to establish the jurisdiction of this Court over his person pursuant to the long-arm statute Therefore, the Court cannot exercise personal jurisdiction over him, and this action should be dismissed for lack of personal jurisdiction.

### B.    Due Process

Even if there were statutory authority to exercise long-arm jurisdiction over the Defendant, which there is not, this exercise of jurisdiction offends principles of constitutional due process. "Whether due process is satisfied must depend … upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure. That clause does not contemplate that a state may make binding a judgment in personam against an individual or corporate defendant with which the state has no contacts, ties, or relations." International Shoe Co. v. Washington, 326 U.S. 310, 319 (1945).

The first stage of a due process inquiry is to determine if a Defendant has sufficient contacts with a forum state to justify the exercise of personal jurisdiction. International Shoe Co., supra, 326 U.S. at 316. "Either specific jurisdiction or general jurisdiction can satisfy the constitutional requirement of sufficient minimum contacts between the defendant and the forum. A state court will have specific jurisdiction over a nonresident defendant whenever the defendant has purposefully directed [his] activities at residents of the forum … and the litigation [has] result[ed] from alleged injuries that arise out of or relate to those activities … Alternatively, even when the cause of action does not arise out of or relate to the foreign [defendant's] activities in the forum State, due process is not offended by a State's subjecting the [defendant] to its in personam jurisdiction if the defendant has had continuous and systematic general business

5

contacts with the state." (Citations omitted, internal quotation marks omitted.) Thomason v. Chemical Bank, 234 Conn. 281, 287-288 (1995).

For a court to have specific jurisdiction over a Defendant, "it is essential . . . that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). "[A] defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980); see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-76 (1985).

The conduct at issue in this action is the Defendant's operation of a motor vehicle in the State of New York. See Exhibit A. The Defendant and his conduct as issue in this action (i.e. operating a motor vehicle in New York) have no connection with Connecticut. See Exhibit B. Nor has the plaintiff alleged any connection. See Exhibit A. The only nexus of this action to Connecticut is the Plaintiff's residency, which is clearly insufficient to establish personal jurisdiction of this Court over the New Jersey Defendant.

The second step of the due process inquiry addresses whether the court's exercise of personal jurisdiction over a Defendant is reasonable given the circumstances of the case. A reasonable exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice." International Shoe Co., supra, 326 U.S. at 316. The reasonableness inquiry involves the application of the following five factors: (1) the burden on the Defendant, (2) the interests of the forum state, (3) the Plaintiff's interest in obtaining relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interests of the several states in furthering fundamental substantive social policies. Asahi

6

73052.1

<u>Metal Industry Co. v. Superior Court of California</u>, 480 U.S. 102, 113 (1987).

The exercise of personal jurisdiction over the Defendant in this case would be an unreasonable extension of this Court's authority. The New Jersey Defendant would be unduly burdened by litigation brought against him in a Connecticut court by forcing him to travel to Connecticut to defend this matter when he did not commit any acts that could reasonably infer the jurisdiction of a Connecticut court. Connecticut has little to no interest in this case as the alleged tort occurred in New York without any implication of the interests or laws of Connecticut. The Plaintiff has also filed a pending action in the New York courts for the same alleged tort, which is the appropriate venue, and has the right of recovery there.

As for the interstate judicial system's interest in the efficient resolution of this controversy, the Connecticut court does not afford the best opportunity for a resolution of the Plaintiff's action based on New York laws as pled in the complaint and the Plaintiff's desire to apply New York law despite bringing this action in Connecticut. It would be inefficient and problematic for this Court and the parties to proceed in a Connecticut action under New York law when the Plaintiff has already brought a New York action, where the case should have been brought initially. Clearly, New York has the greater interest to determine the rights and obligations of the parties for an alleged tort committed within its state and for an action brought and pled under its laws.

The exercise of personal jurisdiction over the Defendant cannot satisfy any of the five factors set forth in <u>Asahi</u> that a court must use to determine whether such jurisdiction is reasonable. Accordingly, this Court must dismiss the complaint for lack of personal jurisdiction.

III.    **Connecticut's Statute of Limitations for Injuries to Person or Property Caused by Negligence or Reckless Misconduct Expired Before the Plaintiff Commenced this Action.**

This Court should grant the Defendant's motion to dismiss because the Plaintiff missed the deadline for commencing this action.  A motion to dismiss for failure to state a claim may be granted when the applicable statute of limitations bars the causes of action involved.  Joslin v. Grossman, 107 F. Supp. 2d 150, 153 (D. Conn. 2000).

Pursuant to 28 U.S.C. § 1332, the Plaintiff invokes the jurisdiction of this Court by way of diversity of citizenship.  Connecticut law bars a plaintiff from bringing an action for personal injury caused by the negligence or reckless misconduct of another any later than two years from the date the injury is sustained or discovered.  Conn. Gen. Stat. § 53-584 (2005).  According to Connecticut's choice of law rules, the statute of limitations of the forum state will apply when the underlying right upon which the lawsuit is brought existed at common law.  Baxter v. Sturm, Ruger & Co., 230 Conn. 335, 340-41, 644 A.2d 1297 (1994) (on certification from the 2d Cir.).  The Plaintiff brought an action for personal injuries caused by the Defendant's alleged negligent and reckless operation of a motor vehicle.  Both negligence and recklessness existed as rights at common law, therefore Connecticut's two-year statute of limitations applies to these allegations.  Id.; see also Hughes v. Equity Office Properties Trust, 2005 U.S. Dist. LEXIS 22398 (D. Conn. Sept. 29, 2005) (applying Connecticut's two-year statute of limitations to a negligence action brought for injuries sustained in Massachusetts); Landry v. Potter, 2005 U.S. Dist. LEXIS 1690 (D. Conn. Jan. 27, 2005) (applying Connecticut's two-year statute of limitations to a negligence action brought for injuries sustained in a motor vehicle accident that occurred in Massachusetts).

"In diversity cases, the statute of limitations must be applied in accordance with state law."  Walker v. Armco Steel Corp., 446 U.S. 740 (1980).  The Connecticut Supreme Court has

73052.1

held that service of process commences an action for the purpose of calculating the duration of a statute of limitations. <u>Rocco v. Garrison</u>, 268 Conn. 541, 549, 848 A.2d 352 (2004); see also <u>Consol. Motor Lines, Inc. v. M. & M. Transport Co.</u>, 128 Conn. 107, 109, 20 A.2d 621 (1941). "[O]nly actual service of process upon the defendant will satisfy the state statute of limitations." <u>Converse v. General Motors Corp.</u>, 893 F.2d 513, 515 (2d Cir. 1990), citing <u>Consol. Motor Lines, Inc.</u>, supra, 128 Conn. at 109. The Plaintiff alleges that a motor vehicle operated by the Defendant collided with his motor vehicle on May 4, 2003. <u>See</u> Exhibit A, First Count ¶ 8. The Plaintiff filed the complaint on October 5, 2005, more than five months after the two-year statute of limitation had expired. Furthermore, no date of actual service of the summons and complaint can be discerned because, as will be explained, the Plaintiff failed to comply with the service provisions set forth rules of procedure. Even had the Plaintiff complied with these rules and thereby made identifiable the date of service, he could not have served the summons and complaint on the Defendant any sooner than the date the complaint was filed. Since the filing date of the complaint fell well outside the two-year statute of limitations, the date of service, if any, would also have occurred after the expiration of the two-year statute of limitations. Accordingly, this action is time-barred, and the Court should dismiss the complaint for failure to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, the Defendant respectfully submits that this Court should dismiss the Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and (6).

73052.1

THE DEFENDANT,
FRANCISCO MORALES

By: _____

Eric W. F. Niederer  (CT 25773)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
177 Broad Street, 6th Floor
Stamford, Connecticut 06901
(203) 388-9100 (Telephone)
(203) 388-9101 (Facsimile)
Email:  Eric.Niederer@WilsonElser.com
Our File No.:  04951.00610

10

**<u>EXHIBIT A</u>**

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

SOUTHERN      District of    CONNECTICUT

GRZEGORZ DABROWSKI,
             PLAINTIFF

         V.

FRANCISCO MORALES,
             DEFENDANT

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

TO: (Name and address of Defendant)

FRANCISCO MORALES
723 Stevens Court
Paramus, New Jersey 07652

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

ATTORNEY ENRICO VACCARO
1057 BROAD STREET
BRIDGEPORT, CT 06604

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK                                          DATE

(By) DEPUTY CLERK

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| (b) County of Residence of First Listed Plaintiff **Fairfield**<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| (c) Attorney's (Firm Name, Address, and Telephone Number)<br>Attorney Enrico Vaccaro (203)579-0001<br>1057 Broad Street Bridgeport, CT 06604 | Attorneys (If Known) |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question (U.S. Government Not a Party)

☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☒ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332

Brief description of cause:
intersection m.v.a. with injuries

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 495,000.

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE
10/5/05

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CONNECTICUT

FILED

2005 OCT -5 P 2: 06

U.S. DISTRICT COURT
BRIDGEPORT, CONN

GRZEGORZ DABROWSKI,

                **PLAINTIFF**      :    **CIVIL NO.**

VS.                               :

FRANCISCO MORALES,         :    **OCTOBER 5, 2005**

                **DEFENDANT**

## COMPLAINT

### FIRST COUNT

    1. The Plaintiff is a citizen of the State of Connecticut and resides at 131 McGrath Court, Stratford, CT.

    2. The Defendant is a citizen of the State of New Jersey and resides at 723 Stevens Court, Paramus, New Jersey.

    3. The jurisdiction of this court is invoked pursuant to 28 U.S.C. 1332 in that the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs and is between citizens of different states.

    4. At all times mentioned herein, Driggs Avenue was a public highway running in a generally east and west direction in Greenpoint, New York.

    5. At all times mentioned herein, Sutton Street was a public highway running in a generally north and south direction in Greenpoint, New York which intersected with Driggs Avenue.

    6. At all times mentioned herein, traffic on Sutton Street at its intersection with Driggs Avenue was controlled by a stop sign.

    7. On or about May 4, 2003 at approximately 4:15 p.m. the Plaintiff was

operating his motor vehicle in a westerly direction on Driggs Avenue through its intersection with Sutton Street.

8. At said time and place a motor vehicle owned and operated by the Defendant which was proceeding in a southerly direction on Sutton Street failed to stop for the stop sign at its intersection with Driggs Avenue and suddenly collided into the Plaintiff's car with great force and violence.

9. Said collision was directly and proximately caused by the carelessness and negligence of the Defendant in one or more of the following ways:

   a.  he failed to keep his vehicle under proper and reasonable control;

   b.  he failed to apply his brakes in time to avoid a collision although by a proper and reasonable exercise of his faculties he could and should have done so;

   c.   he failed to turn his vehicle to the left or right so as to avoid a collision although by a proper and reasonable exercise of his faculties he could and should have done so;

   d.   he failed to sound his horn or give any warning of the impending collision;

   e.   he operated his vehicle at an unreasonable rate of speed having due regard for the traffic, weather, width and use of the highways and intersection of streets;

   f. he operated his vehicle at an unreasonable rate of speed having due regard for the traffic, weather, width and use of the highways and intersection of streets in violation of Article 30, Section 1180 of the New York State Consolidated Laws;

   g. he failed to keep a proper and reasonable lookout for other motor vehicles lawfully using the highway like that of the Plaintiff;

h. he operated his vehicle when it was not equipped with brakes adequate to bring it to a controlled stop within the distance and under the conditions prescribed and when the brakes were not in good working order, in violation of Article 9, Section 375 of the New York State Consolidated Laws;

i. he was inattentive;

j. he failed to stop at a stop sign at said intersection and yield the right of way to the Plaintiff's vehicle which had entered the intersection, in violation of Article 24, Section 1110 and Article 26, Sections 1142 and 1172 of the New York State

Consolidated Laws;

k. he failed to yield the right of way at said intersection to the Plaintiff's vehicle which had entered the intersection, in violation of Article 26, Section 1129 of the New York State Consolidated Laws;

l. he failed to yield the right of way to the Plaintiff's vehicle.

10. As a direct and proximate result of the aforesaid collision, the Plaintiff was caused to suffer the following serious and painful injuries, some or all of which may be permanent in nature:

a. Herniated disc at L5-S1 with instability and bilateral radiculopathy requiring surgical disc excision, neural decompression and spinal fusion with pedicle screws and bone grafts;

b. Hyperextension injury to the lumbar spine;

c. Contusion to the lumbar spine;

d. Bilateral spondylolysis at L4-5;

e. Hyperextension injury to the cervical spine;

f. Contusion to the cervical spine;

g. Severe pain, suffering and emotional distress.

11. As a further result of said collision and the injuries sustained by the Plaintiff, he has incurred and will continue to incur expenses for hospital, medical, surgical care and treatment, x-rays, diagnostic testing, physical therapy, prescription drugs, etc. all to his financial loss and detriment.

12. As a further result of said collision and the resulting injuries the Plaintiff has lost earnings and his earning capacity has been impaired, all to his financial loss;

13. As a further result of said collision and the injuries sustained by the Plaintiff, he has been and will be unable to carry out and enjoy all of his usual activities and the quality of his life has been substantially diminished, all to his loss and detriment.

## SECOND COUNT

1.-8. Paragraphs 1 through 8 of the First Count are hereby made paragraphs 1 through 8 of this Second Count as if fully set forth herein.

9. Said occurrence and collision was directly and proximately caused by the reckless or wanton misconduct of the Defendant in one or more of the following ways:

a. he operated his motor vehicle recklessly and in a manner which unreasonably interfered with the free and proper use of the public highway and/or unreasonably endangered users of the public highway, in violation of Article 33, Section 1212 of the New York State Consolidated Laws;

b. although he knew that he was operating his motor vehicle on a public highway which intersected with a heavily traveled public highway and that it was dangerous to enter that intersection without first stopping and yielding the right of way to:

oncoming vehicles, he consciously decided to proceed into that intersection without stopping, in reckless disregard of the just rights and safety of others or of the consequences of his actions.

10.-13.  Paragraphs 10 through 13 of the First Count are hereby made paragraphs10 through 13 of this Second Count as if fully set forth herein.


**WHEREFORE,** The Plaintiff claims:

1.  Compensatory monetary damages;

2.  Punitive monetary damages;

3.  Costs;

4.  Such other and further relief as is within the jurisdiction of this court.


The Plaintiff hereby demands a trial by jury.


**THE PLAINTIFF**

BY
Enrico Vaccaro
1057 Broad Street
Bridgeport, CT 06604
(203) 579-0001 Phone
(203) 579-0002 Fax
Federal Bar No. CT05632

**EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

———————————————————————— x

GRZEGORZ DABROWSKI,                         :
                 Plaintiff          CIVIL ACTION NO.
                              :  3:05-CV-01548 (SRU)

   -against-                                :

                              :  MARCH 30, 2007

                              :

FRANCISCO MORALES,
                 Defendant

———————————————————————— x

## AFFIDAVIT

I, Francisco Morales, having been duly sworn, depose and say:

1.     I am over eighteen and believe in the obligations of an oath.

2.     I am competent to testify to the matters contained herein, which are based on my personal knowledge.

3.     The basis of the plaintiff's complaint against me is a motor vehicle accident that occurred in the City and State of New York on May 4, 2003.

4.     I currently reside at 100 Central Avenue, Apt. 4F in Ft. Lee, New Jersey.

5.     At the time of the motor vehicle accident alleged in the complaint, I resided at 723 Stevens Court in Paramus, New Jersey.

6.     At the time of the motor vehicle accident alleged in the complaint, I did not own, use or possess any real property within the State of Connecticut.

7.     I have never owned real property in Connecticut or resided in Connecticut.

1

8.    At the time of the motor vehicle accident alleged in the complaint, I was employed in New York as a physician and my medical practice was exclusively in New York.

9.    At the time of the motor vehicle accident alleged in the complaint to the present, I was not employed in Connecticut.

10.    I am currently retired.

11.    At the time of the motor vehicle accident alleged in the complaint, I did not transact any business in Connecticut, nor did I attempt to transact any business in Connecticut.

12.    I did not, and do not, do business, solicit business or engage in any other persistent course of conduct, or derive substantial revenue from goods used or consumed or service rendered in Connecticut prior to, during or after the motor vehicle accident alleged in the complaint.

13.    I have only traveled to Connecticut on a couple of occasions to visit my son.

14.    I did not use a computer or computer network within Connecticut at the time of the motor vehicle accident as alleged in the complaint.

15.    The above statement are true and to the best of my knowledge.

By. _____
Francisco Morales

Subscribed and sworn to before me this ___4___ day of ___April___, 2007.

_____
Commissioner of the Superior Court/Notary Public

2

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid on this 24th day of April 2007, to the following:

Enrico Vaccaro, Esq.
Law Offices of Enrico Vaccaro
1057 Broad Street
Bridgeport, CT 06604

_____
Eric W. F. Niederer

73052.1

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT
(AT BRIDGEPORT)

FILED
AUG -6  P 12:57
U.S. DISTRICT COURT

GRZEGORZ DABROWSKI

v.                                    CIVIL ACTION NO. 3:05-cv-01548-SRU

FRANCISCO MORALES                 AUGUST 6, 2007

## MOTION FOR PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), defendant, Francisco Morales, hereby moves this Court for a protective order regarding the deposition of defendant notice for August 8, 2007. In support of this motion, defendant represents as follows:

1.      Plaintiff filed this action on October 5, 2005 pursuant to 28 U.S.C. § 1332 diversity of citizenship and amount in controversy in excess of $75,000.

2.      This action arises out of a motor vehicle accident that occurred in Greenpoint, New York on May 4, 2003 between, Plaintiff, Grzegorz Dabrowski, a resident of Connecticut and Defendant, Francisco Morales, a resident of New Jersey.

3.      On March 9, 2007, the parties appeared before Judge Stephen Underhill for the purposes of arguing defendant's Motion to Dismiss the action. At oral argument, Judge Underhill ordered that plaintiff could conduct discovery limited to the issue of jurisdiction.

4.      On April 22, 2007, defendant re-filed a Motion to Dismiss Plaintiff's Complaint based on lack of personal and subject matter jurisdiction. That motion is currently pending before the Court.

82315.1

5.    On June 30, 2007, plaintiff's counsel noticed the deposition of Defendant for the purposes of discovery and/or use at trial.  See Notice of Deposition annexed hereto as Exhibit "A".

6.    On July 17, 2007, a letter was sent to plaintiff's counsel reiterating the Court's order that plaintiff could conduct discovery limited to the issue of jurisdiction.  We agreed to produce our client for a deposition as to jurisdictional issues only.  However, we would not agree to produce our client for a deposition regarding all aspects of discovery.  See Letter to plaintiff's counsel, dated July 17, 2007 annexed hereto as Exhibit "B".

7.    On August 3, 2007, despite having received the above letter and having engaged in a prior conversation regarding the deposition of defendant after which defendant was under the impression that the deposition would not take place, plaintiff's counsel inquired of the undersigned if the defendant's deposition was going forward on August 8, 2007 as noticed. Attorney Vacarro was informed that the deposition of defendant would not take place as noticed as he was limited to the issue of jurisdiction.  It was requested that plaintiff's counsel re-notice defendant's deposition limited to jurisdiction and that the deposition take place in New Jersey, where defendant resides.  Furthermore, plaintiff's counsel was informed that defendant no longer owns a car and travel to Connecticut would be a hardship.

8.    Plaintiff's counsel objected to this request.  As a result, this matter has not been resolved and defendant requests that the Court order that the deposition as noticed by plaintiff's counsel for August 8, 2007 not be had.  Defendant further requests that the scope of the deposition of defendant be limited to the issue of jurisdiction and that the deposition take place in defendant's state of residence of New Jersey.

2

By _____
**Canera L. Pagano (ct25901)**
WILSON,    ELSER,    MOSKOWITZ,
EDELMAN & DICKER LLP
177 Broad Street
6th Floor
Stamford, CT 06901
Tel. :203.388.9100
Fax: 203.388.9101
Email: canera.pagano@wilsonelser.com
File No.: 04951.00610

3

82315.1

## <u>CERTIFICATION</u>

This is to certify that the foregoing Motion was sent on August 6, 2007, via U.S. mail, postage pre-paid to the following parties of record:

Enrico Vaccaro, Esq.
Law Offices of Enrico Vaccaro
1057 Broad St.
Bridgeport, CT 06604
203-579-0001
Fax: 203-579-0002
**Counsel for the Plaintiff**

By _____
**Canera L. Pagano (ct25901)**

**4**

82315.1

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CONNECTICUT

**GRZEGORZ DABROWSKI**             : CIVIL ACTION NO. 305CV1548 SRU

      Plaintiff                                      :

      **v.**                                            :

**FRANCISCO MORALES**               :

      Defendant                                : **JUNE 30, 2007**

### <u>NOTICE OF DEPOSITION</u>

**PLEASE TAKE NOTICE THAT** the Plaintiff will take the deposition of the

Defendant, Francisco Morales for the purpose of discovery and/or use at trial of this

matter on Wednesday August 8, 2007 at 10:00 a.m. before a competent authority at the

Law Offices of Enrico Vaccaro 1057 Broad Street Bridgeport, CT.

      The deponent is further requested to produce at said deposition the following

documents and materials:

      1. All automobile, general liability, excess or umbrella insurance policies,

endorsements and the declaration pages thereto insuring the Defendant on 5/4/03 and/or

applicable to the motor vehicle accident which is the subject matter of this lawsuit along

with any reservation of rights or disclaimer letters;

      2. Any and all photographs depicting the accident scene, any vehicle involved in

the accident which is the subject matter of this lawsuit or any condition or injury caused

by this accident;

      3. Copies of records of all blood alcohol testing or drug screens taken 24 hours

before and after the accident which is the subject matter of this lawsuit;

5. Copies of all hospital and medical records for examinations or treatments of the Defendant conducted 24 hours before and after the accident which is the subject matter of this lawsuit;

6. Any and all writings, notes, documents or materials, electronic or otherwise, pertaining to: any business transacted by the Defendant in the State of Connecticut; any tortuous act by the Defendant committed within the State of Connecticut; any business which the Defendant regularly does and/or solicits for in the State of Connecticut; any persistent course of conduct engaged in by the Defendant in the State of Connecticut; substantial revenue derived by the Defendant from goods used or consumed or services rendered in the State of Connecticut; substantial revenue derived from interstate or international commerce; any real property owned, used or possessed by the Defendant within the State of Connecticut; use of a computer as defined in subdivision (1) of subsection (a) of section 53-451, or a computer network, as defined in subsection(3) of subsection (a) of said section located within the State of Connecticut.

7. Any and all writings, notes, documents or materials, electronic or otherwise, pertaining to any other contacts by the Defendant with the State of Connecticut including but not limited to leasing or ownership of personal or real property, licenses, business transactions, financial transactions, services received or provided, purchases or sales, travel to or in the State of Connecticut, the use of highways, roads, airports, trains, waterways, etc.

8. Any and all financial records for the 10 year period prior to the motor vehicle accident which is the subject matter of this lawsuit through present, including but not limited to bank account statements, brokerage account statements, annuity contracts,

stocks, bonds, financial statements, loan account statements, Federal, State and Local

Income Tax Returns, etc.

Dated at Bridgeport, CT this 30 day of June 2007.

THE PLAINTIFF

By

Enrico Vaccaro
1057 Broad Street
Bridgeport, CT 06604
Telephone# (203) 579-0001
Federal Bar #:CT05632

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed postage prepaid the 30 day
of June 2007to:

Wilson Elser Moskowitz Edelman and Dicker L.L.P.
177 Broad Street 6th flr
Stamford, CT 06901

ENRICO VACCARO

# EXHIBIT B

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

177 Broad Street, 6th Floor, Stamford, CT 06901-2048
Tel: 203.388.9100  Fax: 203.388.9101

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean
Miami • Newark • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris*

——

www.wilsonelser.com

July 17, 2007

Enrico Vaccaro, Esq.
Law Offices of Enrico Vaccaro
1057 Broad Street
Bridgeport, CT 06604

> Re:  Dabrowski v. Morales
> Our File No. :   04951.00610

Dear Attorney Vaccaro:

We are in receipt of your notice of deposition for our client, Francisco Morales for August 8, 2007. As you may recall, on March 9, 2007 at oral argument regarding our motion to dismiss this matter, Judge Underhill stayed discovery in this action. Judge Underhill indicated that plaintiff could conduct discovery limited to only the issue of personal jurisdiction. Therefore, we will not be producing our client for a deposition for the purposes of discovery.

Finally, counsel is not available on that date for a deposition. If you would like to schedule a mutually convenient time in which to depose our client as to the issue of personal jurisdiction only, please contact me so that we can discuss available dates.

Very truly yours,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

Canera L. Pagano

Canera L. Pagano

STDOCS01 80682v.1

FILED

2007 AUG -6 P 12: 56

U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT
## (AT BRIDGEPORT)

**GRZEGORZ DABROWSKI**

**v.**                                          **CIVIL ACTION NO. 3:05-cv-01548-SRU**

**FRANCISCO MORALES**                **AUGUST 6, 2007**

### CERTIFICATION OF GOOD FAITH RESOLUTION

Pursuant to Federal Rule of Civil Procedure 26(c), the undersigned counsel for defendant, Francisco Morales, hereby certifies that a good faith effort to resolve the dispute regarding defendant's deposition has been made. However, the parties cannot reach an agreement as to the scope and location of defendant's deposition. Therefore, defendant submits the attached Motion for Protective Order and requests that the deposition as noticed by plaintiff for August 8, 2007 not be had. Defendant further requests that the scope of defendant's deposition be limited to the issue of jurisdiction and that the deposition take place in New Jersey.

82378.1

By _____

**Canera L. Pagano (ct25901)**
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
177 Broad Street
6th Floor
Stamford, CT 06901
Tel. :203.388.9100
Fax: 203.388.9101
Email: canera.pagano@wilsonelser.com
File No.: 04951.00610

**2**

## CERTIFICATION

This is to certify that the foregoing Certification was sent on August 6, 2007, via U.S. mail, postage pre-paid to the following parties of record:

Enrico Vaccaro, Esq.
Law Offices of Enrico Vaccaro
1057 Broad St.
Bridgeport, CT 06604
203-579-0001
Fax: 203-579-0002
**Counsel for the Plaintiff**

By _____
**Canera L. Pagano (ct25901)**

3

82378.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CONNECTICUT

FILED

GRZEGORZ DABROWSKI,

PLAINTIFF        :        CIVIL NO. 2005 OCT -5 P 2: 0b

VS.        :        U.S. DISTRICT COURT
BRIDGEPORT, CONN

FRANCISCO MORALES,        :        OCTOBER 5, 2005
DEFENDANT

## COMPLAINT

## FIRST COUNT

1. The Plaintiff is a citizen of the State of Connecticut and resides at 131 McGrath Court, Stratford, CT.

2. The Defendant is a citizen of the State of New Jersey and resides at 723 Stevens Court, Paramus, New Jersey.

3. The jurisdiction of this court is invoked pursuant to 28 U.S.C. 1332 in that the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs and is between citizens of different states.

4. At all times mentioned herein, Driggs Avenue was a public highway running in a generally east and west direction in Greenpoint, New York.

5. At all times mentioned herein, Sutton Street was a public highway running in a generally north and south direction in Greenpoint, New York which intersected with Driggs Avenue.

6. At all times mentioned herein, traffic on Sutton Street at its intersection with Driggs Avenue was controlled by a stop sign.

7. On or about May 4, 2003 at approximately 4:15 p.m. the Plaintiff was

operating his motor vehicle in a westerly direction on Driggs Avenue through its intersection with Sutton Street.

8. At said time and place a motor vehicle owned and operated by the Defendant which was proceeding in a southerly direction on Sutton Street failed to stop for the stop sign at its intersection with Driggs Avenue and suddenly collided into the Plaintiff's car with great force and violence.

9. Said collision was directly and proximately caused by the carelessness and negligence of the Defendant in one or more of the following ways:

      a.  he failed to keep his vehicle under proper and reasonable control;

      b.  he failed to apply his brakes in time to avoid a collision although by a proper and reasonable exercise of his faculties he could and should have done so;

      c.  he failed to turn his vehicle to the left or right so as to avoid a collision although by a proper and reasonable exercise of his faculties he could and should have done so;

      d.  he failed to sound his horn or give any warning of the impending collision;

      e.  he operated his vehicle at an unreasonable rate of speed having due regard for the traffic, weather, width and use of the highways and intersection of streets;

      f. he operated his vehicle at an unreasonable rate of speed having due regard for the traffic, weather, width and use of the highways and intersection of streets in violation of Article 30, Section 1180 of the New York State Consolidated Laws;

      g. he failed to keep a proper and reasonable lookout for other motor vehicles lawfully using the highway like that of the Plaintiff;

h.  he operated his vehicle when it was not equipped with brakes adequate to bring it to a controlled stop within the distance and under the conditions prescribed and when the brakes were not in good working order, in violation of Article 9, Section 375 of the New York State Consolidated Laws;

i.  he was inattentive;

j.  he failed to stop at a stop sign at said intersection and yield the right of way to the Plaintiff's vehicle which had entered the intersection, in violation of Article 24, Section 1110 and Article 26, Sections 1142 and 1172 of the New York State Consolidated Laws;

k.  he failed to yield the right of way at said intersection to the Plaintiff's vehicle which had entered the intersection,  in violation of Article 26, Section 1129 of the New York State Consolidated Laws;

l.  he failed to yield the right of way to the Plaintiff's vehicle.

10.  As a direct and proximate result of the aforesaid collision, the Plaintiff was caused to suffer the following serious and painful injuries, some or all of which may be permanent in nature:

a. Herniated disc at L5-S1 with instability and bilateral radiculopathy requiring surgical disc excision, neural decompression and spinal fusion with pedicle screws and bone grafts;

b. Hyperextension injury to the lumbar spine;

c. Contusion to the lumbar spine;

d. Bilateral spondylolysis at L4-5;

e. Hyperextension injury to the cervical spine;

f. Contusion to the cervical spine;

g. Severe pain, suffering and emotional distress.

11. As a further result of said collision and the injuries sustained by the Plaintiff, he has incurred and will continue to incur expenses for hospital, medical, surgical care and treatment, x-rays, diagnostic testing, physical therapy, prescription drugs, etc. all to his financial loss and detriment.

12. As a further result of said collision and the resulting injuries the Plaintiff has lost earnings and his earning capacity has been impaired, all to his financial loss;

13. As a further result of said collision and the injuries sustained by the Plaintiff, he has been and will be unable to carry out and enjoy all of his usual activities and the quality of his life has been substantially diminished, all to his loss and detriment.

**SECOND COUNT**

1.-8. Paragraphs 1 through 8 of the First Count are hereby made paragraphs 1 through 8 of this Second Count as if fully set forth herein.

9. Said occurrence and collision was directly and proximately caused by the reckless or wanton misconduct of the Defendant in one or more of the following ways:

a. he operated his motor vehicle recklessly and in a manner which unreasonably interfered with the free and proper use of the public highway and/or unreasonably endangered users of the public highway, in violation of Article 33, Section 1212 of the New York State Consolidated Laws;

b. although he knew that he was operating his motor vehicle on a public highway which intersected with a heavily traveled public highway and that it was dangerous to enter that intersection without first stopping and yielding the right of way to

oncoming vehicles, he consciously decided to proceed into that intersection without stopping, in reckless disregard of the just rights and safety of others or of the consequences of his actions.

10.-13.  Paragraphs 10 through 13 of the First Count are hereby made paragraphs10 through 13 of this Second Count as if fully set forth herein.


**WHEREFORE,** The Plaintiff claims:

1.  Compensatory monetary damages;

2.  Punitive monetary damages;

3.  Costs;

4.  Such other and further relief as is within the jurisdiction of this court.


The Plaintiff hereby demands a trial by jury.


**THE PLAINTIFF**


BY
Enrico Vaccaro
1057 Broad Street
Bridgeport, CT 06604
(203) 579-0001 Phone
(203) 579-0002 Fax
Federal Bar No. CT05632

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ORDER ON PRETRIAL DEADLINES

Unless otherwise ordered by the Judge to whom this is case is assigned, the parties shall adhere to the following deadlines:

(a)    In accordance with Local Civil Rule 26(e), within thirty days of the appearance of a defendant, the parties shall confer for the purposes described in Fed. R.Civ. P. 26(f).  Within ten days thereafter, the parties shall jointly file a report on Form 26(f), which appears in the Appendix to the Local Civil Rules.

(b)    All motions relating to joinder of parties, claims or remedies, class certification, and amendment of the pleadings shall be filed within 60 days after filing of the complaint, the filing of a petition for removal, or the transfer of an action from another District.

(c)    All motions to dismiss based on the pleadings shall be filed within 90 days after the filing of the complaint, the filing of a petition for removal, or the transfer of an action from another District.  The filing of a motion to dismiss shall not result in the stay of discovery or extend the time for completing discovery.

(d)    Formal discovery pursuant to the Federal Rules of Civil Procedure may not commence until the parties have conferred as required by Fed. R. Civ. P. 26(f) and Local Civil Rule 26(e) but parties may commence formal discovery immediately thereafter without waiting entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).  Informal discovery by agreement of the parties is encouraged and may commence at anytime.  Unless otherwise ordered, discovery shall be completed within 6 months after the filing of the complaint, the filing of a petition for removal, or the date of transfer of an action from another District.

(e)    Unless otherwise ordered, all motions for summary judgment shall be filed within 7 months after the filing of the complaint, the filing of a petition for removal, or the date of transfer from another District.

Unless specifically ordered by the Court, an extension of time to comply with any one of the time limits in this Order does not automatically extend the time to comply with subsequent time limits.

Counsel for plaintiff or removing defendant shall be responsible for serving a copy of this order on all parties to the action.

By Order of the Court

_____ Kevin F. Rowe, Clerk

_____

This Order is issued pursuant to the Standing Order on Scheduling In Civil Cases, which appears in the Appendix to the Local Civil Rules

(Rev. 1/2/03)

# United States District Court
# District of Connecticut

**Civil Action No.** _____ **(SRU)**

## ELECTRONIC  FILING  ORDER

The Court orders that the parties shall file all documents in this case electronically.   The

following requirements are imposed:

1.      Counsel must comply with all applicable Federal Rules of Civil Procedure, the

District's Local Rules and the requirements set forth in the District's CM/ECF

Policies and Procedures Manual, and any other rules and administrative procedures

that implement the District's CM/ECF system.

2.      Unless otherwise ordered, on the business day next following the day on which a

document is filed electronically, counsel must provide Chambers with one paper

copy of the following e-filed documents:

<u>Civil Cases:</u>    All pleadings (including briefs and exhibits) supporting or opposing

the following:

    a.     Applications for temporary restraining orders, preliminary injunctions or
          prejudgment remedies;
    b.     Dispositive motions (motions to dismiss or for summary judgment);
    c.     Requested jury instructions;
    d.     Compliance with Pretrial Orders;
    e.     Trial briefs, including proposed findings of fact and conclusions of law; and
    f.     **Any other filing requested by the court**.

                    _/s/ Stefan R. Underhill_____
                        Stefan R. Underhill
                        United States District Judge

AO 458 (Rev. 5/85)  Appearance

# United States District Court

SOUTHERN ─────────── DISTRICT OF CONNECTICUT

DABROWSKI

v.

MORALES

**APPEARANCE**

CASE NUMBER:  305CV1548  SRU

To the Clerk of this court and all parties of record:

Enter my appearance as counsel in this case for  GRZEGORZ DABROWSKI,

PLAINTIFF

OCTOBER 12, 2005
─────────────────
Date

─────────────────
Signature

ENRICO VACCARO
─────────────────
Print Name

1057 Broad Street
─────────────────
Address

Bridgeport, CT                    06604
─────────────────
City              State              Zip Code

(203) 579-0001
─────────────────
Phone Number
Federal Bar # CT05632

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CONNECTICUT**

GRZEGORZ DABROWSKI                    : CIVIL ACTION NO. 305CV1548 SRU

    Plaintiff                    :

    v.                             :

FRANCISCO MORALES          :

    Defendant                    : OCTOBER 12, 2005

## MOTION FOR EXEMPTION FROM DESIGNATION OF CASE INTO ELECTRONIC FILING SYSTEM AND ELECTRONIC FILING OF PAPERS

The undersigned, counsel for the Plaintiff, for good cause hardship, respectfully moves the Court for an exemption from designation of this case into electronic filing system and the electronic filing of papers. In support of this motion, the undersigned represents as follows:

1. The Plaintiff commenced the above captioned action against the Defendant to recover damages for personal injuries sustained in a motor vehicle accident on May 4, 2003 when while operating his car in a westerly direction on Driggs Avenue through its intersection with Sutton Street, a car owned and operated by the Defendant which was proceeding in a southerly direction on Sutton Street failed to stop for a stop sign at its intersection with Driggs Avenue and violently collided into the Plaintiff's car.

2. The undersigned counsel for the Plaintiff is a solo practitioner who does not have internet access, electronic filing capability or the resources to invest in the hardware and/or software necessary to obtain an electronic filing capability.

3. The undersigned counsel for the Plaintiff is not computer literate nor does he have support staff capable of electronic filing.

4. The above captioned case is the only matter which the undersigned has pending in federal court and/or which requires electronic filing.

WHEREFORE, because the above captioned case is an action to recover damages for personal injuries sustained in a motor vehicle accident in which liability is clear, because the undersigned does not have electronic filing capability and it would be a severe hardship to force him to invest the time, money and resources to obtain an electronic filing capability and to learn how to operate it, and because this is the only case which the undersigned has pending in the federal court and/or which requires electronic filing, for good cause shown it is respectfully requested that this case be exempted from designation into electronic filing system and electronic filing of papers.

THE PLAINTIFF
**GRZEGORZ DABROWSKI**

BY _____
Enrico Vaccaro
Federal Bar No. CT05632
1057 Broad Street
Bridgeport, CT.06604
(203) 579-0001

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT
## (AT BRIDGEPORT)

GRZEGORZ DABROWSKI

v.                                    CIVIL ACTION NO. 3:05-cv-01548-SRU

FRANCISCO MORALES

## <u>APPEARANCE</u>

Attorney Eric W. F. Niederer hereby appears as counsel in this case for the Defendant,

Francisco Morales.

Dated at Stamford, Connecticut, this 31st day of October, 2005.

By _____
Eric W. F. Niederer (ct25773)
WILSON,    ELSER,    MOSKOWITZ,
EDELMAN & DICKER LLP
One Stamford Plaza
263 Tresser Blvd., 9th Flr.
Stamford, CT 06901
Tel. :203.564.1900
Fax: 203.564.1742
Email: niederere@wemed.com
File No.: 04951.00610

1028981.1

## CERTIFICATION

This is to certify that the foregoing Appearance was sent on October 31, 2005, via U.S.

Mail, postage pre-paid to the following parties of record:


Enrico Vaccaro
Law Offices of Enrico Vaccaro
1057 Broad St.
Bridgeport, CT 06604
203-579-0001
Fax: 203-579-0002
**Counsel for the Plaintiff**

_____
Eric W. F. Niederer

**2**

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

GRZEGORZ DABROWSKI

V.                          Case Number: 3:05-cv-1548 (SRU)

FRANCISCO MORALES

NOTICE TO COUNSEL
-------------------

The court has reviewed the file in this case to monitor the parties'
compliance with Local Rule 26(e).  Local Rule 26(e) provides that, within
30 days after the appearance of any defendant, the attorneys of record and
any unrepresented parties must confer for purposes described in Fed. R.
Civ. P. 26(f).  Local Rule 26(e) further provides that, within 10 days
after the conference, the participants must jointly file a report of the
conference using Form 26(f).

It appears that more than forty days have passed since the appearance
of a defendant in this case but no report has been filed.

Accordingly, it is hereby ordered that the parties must file a Form
26(f) report by January 6, 2006 along with a written statement signed by
all counsel of record explaining why sanctions should not be imposed for
the parties' failure to comply with Local Rule 26(e).  Failure to comply
with this order will result in dismissal of the complaint.

Dated at Bridgeport, Connecticut, December 16, 2005.


                    KEVIN F. ROWE, CLERK

                    By: /s/_____
                        Alice Montz
                        Deputy Clerk

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

GRZEGORZ DABROWSKI

      v                                   3:05CV1548 (SRU)

FRANCISCO MORALES

O R D E R

In an order dated December 16, 2005 (Doc #9), the Court directed the parties to file their 26(f) Report by January 6, 2006.   To date,  no 26(f) report has been filed.

Accordingly, this case is dismissed, without prejudice, for failure to comply with the Court's Orders.

**IT IS SO ORDERED.**

Dated at Bridgeport, Connecticut this 25th day of January 2006.

_____/s/_____

Stefan R. Underhill
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CONNECTICUT

GRZEGORZ DABROWSKI                    : CIVIL ACTION NO. 305CV

         Plaintiff                    :

         v.                           :

FRANCISCO MORALES          :

         Defendant                    : APRIL 26, 2006


## MOTION TO OPEN JUDGMENT OF DISMISSAL

The undersigned, counsel for the Plaintiff, for good cause, respectfully moves the

Court to open the judgment of dismissal without prejudice entered in this matter on

January 25, 2006 for failure of the parties to file their 26(f) report by January 6, 2006. In

support of this motion, the undersigned represents as follows:

1. The Plaintiff commenced the above captioned action against the Defendant to

recover damages for serious personal injuries requiring surgery sustained in a motor

vehicle accident on May 4, 2003 when while operating his car in a westerly direction on

Driggs Avenue through its intersection with Sutton Street, a car owned and operated by

the Defendant, which was proceeding in a southerly direction on Sutton Street, failed to

stop for a stop sign at its intersection with Driggs Avenue and violently collided into the

Plaintiff's car.

2. Rather than conferring with the Plaintiff as required by Rule 26 (e) of the Local

Rules for the District of Connecticut for the purpose of preparing and filing a Report of

Parties Planning Meeting, counsel for the Defendant instead filed a Motion to Dismiss

dated November 5, 2005;

3. The undersigned counsel prepared a draft planning meeting report and faxed it to defense counsel along with the attached letter during the evening of April 24, 2006;

4. The undersigned counsel called defense counsel on April 25, 2006 to discuss the contents of the planning meeting report, was told said attorney was not available, and left a message requesting a return telephone call;

5. The undersigned counsel did not receive a return telephone call and on April 26, 2006 placed a second telephone call to the Defendant's attorney;

6. In that telephone call the Defendant's attorney refused to participate in the planning meeting conference even though he was told that the undersigned intended to move to open the dismissal and to attach the Rule 26(f) report thereto;

7. The Plaintiff has a good cause of action against the Defendant to recover damages for serious personal injuries in a motor vehicle accident caused by the Defendant's tortious misconduct and will diligently prosecute this claim upon opening of the dismissal entered without prejudice;

WHEREFORE, for good cause, and in the interest of justice, the undersigned respectfully moves the court to open the judgment of dismissal entered without prejudice and to allow the Plaintiff to prosecute his cause of action.

**THE PLAINTIFF**
**GRZEGORZ DABROWSKI**

**BY**
Enrico Vaccaro
Federal Bar No. CT05632
1057 Broad Street
Bridgeport, CT.06604
(203) 579-0001

## CERTIFICATION

       This is to certify that a copy of the foregoing was mailed postage prepaid on this

26th day of April, 2006 to:

Eric W. F. Niederer
Wilson Elser Moskowitz Edelman and Dicker L.L.P.
1 Stamford Plaza 263 Tresser Blvd. 9th Flr.
Stamford, CT 06901

ENRICO VACCARO

# LAW OFFICES OF ENRICO VACCARO
1057 BROAD STREET
BRIDGEPORT, CONNECTICUT 06604
TELEPHONE (203) 579-0001
TELEFAX (203) 579-0002

April 25, 2006

Eric W. F. Niederer Esq.
Wilson Elser Moskowitz Edelman and Dicker L.L>P.
1 Stamford Plaza 263 Tresser Blvd. 9th Flr.
Stamford, CT 06901

By Fax #: (203) 564-1742

Re:     Grzegorz Dabrowski v. Francisco Morales
        Your File #: 04951.00610

Dear Attorney Niederer:

        Under Rule 26(3) of the Local Rules for the District of Connecticut, the parties
were required to confer within 30 days of your appearance in the above matter for the
purpose of jointly completing and filing a report in the form prescribed by Form 26(f).
Because this was not done, most likely due to inadvertence or oversight, the court
dismissed this action without prejudice. I have prepared a draft report of parties planning
meeting which I have enclosed for your review. If it is satisfactory, please immediately
sign it and return it to me so that I can execute and file it with the court. If you wish to
make any changes to it please call me immediately so that we may discuss them.

        Thank you for your cooperation.

Very truly yours,

ENRICO VACCARO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CONNECTICUT

GRZEGORZ DABROWSKI        : CIVIL ACTION NO. 305CV1548 SRU

     Plaintiff                   :

     v.                         :

FRANCISCO MORALES        :

     Defendant           : APRIL 25, 2006

## REPORT OF PARTIES PLANNING MEETING

## DATE COMPLAINT FILED

October 11, 2005

## DATE COMPLAINT SERVED

Defendant Francisco Morales – January 7, 2006

## DATE OF DEFENDANTS' APPEARANCE

October 31, 2005

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on April 25, 2006. The participants were:

Attorney Enrico Vaccaro for Plaintiff Grzegorz Dabrowski

Attorney Eric W.F. Niederer for Defendant Francisco Morales

## I. CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with

their clients, have developed the proposed case management plan. Counsel further certify

that they have forwarded a copy of this report to their clients.

## II. JURISDICTION

A. Subject Matter Jurisdiction- 28 U.S.C.1332

B. Personal Jurisdiction- contested.

## III. BRIEF DESCRIPTION OF THE CASE

On May 4, 2003 at approximately 4:15 p.m. the Plaintiff was operating

his motor vehicle in a westerly direction on Driggs Avenue through its intersection with

Sutton Street in New York when a car owned and operated by the Defendant Francisco

Morales in a southerly direction on Sutton Street at its intersection with Driggs Avenue

failed to stop for a stop sign and violently collided into the Plaintiff's vehicle.

A. CLAIMS OF PLAINTIFF

1. Liability-The Defendant was negligent as a matter of law in the operation of his

automobile by failing to stop at a stop sign, as mandated by Article 24 §1110 and Article

26, §§1142 and 1172, New York State Consolidated Laws, entitling the Plaintiff to

recover compensatory damages from him. The Defendant was reckless in the operation of

his motor vehicle in violation of Article 33 §1212 of the New York State Consolidated

Laws, entitling the Plaintiff to recover punitive monetary damages from him.

2. Damages- As a result of the Defendants tortious conduct in the operation of his

motor vehicle the Plaintiff sustained herniated discs at L5-S1 with instability and bilateral

radiculopathy, a hyperextension injury to the cervical spine, a contusion to the cervical

spine, a hyperextension injury to the lumbar spine, a contusion to the lumbar spine,

bilateral spondylolysis at L4-5 and severe pain, suffering and emotional distress. He

requires surgery for his lumbar injuries, has incurred and will incur special damages

approximating $132,000.00 and has been left with permanent impairments of 5% to the

cervical spine, 17% to the lumbar spine, and 13% to his whole person.

B. DEFENSES

     Liability- none

     Damages- causation, nature and extent of injuries

## IV. STATEMENT OF UNDISPUTED FACTS

     None

## VI. CASE MANAGEMENT PLAN

A. STANDING ORDER- No modification requested at this time.

B. SCHEDULING CONFERENCE- The parties request a pretrial conference before the

court before entry of a scheduling order. The parties prefer a conference in person.

C. EARLY SETTLEMENT CONFERENCE

1. The parties certify that they have considered the desirability of attempting to settle the

case before undertaking significant discovery or motion practice. Settlement may be

enhanced by the use of an early settlement conference.

2. The parties request an early settlement conference.

3. The parties prefer a settlement conference with the presiding judge.

4. The parties do not request a referral for alternative dispute resolution.

E. JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS

1. Plaintiff shall be allowed until 30 days after discovery on liability is complete to file
motions to join additional parties and to amend the pleadings.

2. Defendant shall be allowed until May 30, 2006 to file a response to the complaint.

F. DISCOVERY

1. The parties anticipate that discovery will be needed on the following subjects:

    Defendant's negligence, recklessness and liability

    Causation, nature and extent of Plaintiff's injuries

2. All discovery will be commenced by April 30, 2006 and completed by December1, 2006.

3. Discovery will be conducted in phases.

4. Discovery will be completed by December 1, 2006.

5. The parties anticipate that the Plaintiff will require a total of 2 depositions of fact witnesses and that the Defendant will require a total of 2 deposition of fact witnesses. The depositions will commence by April 30, 2006 and be completed by November 1, 2006.

6. The parties will not request permission to file more than 25 interrogatories.

7. Plaintiffs intend to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts by July 1, 2006. Depositions of any such experts will be completed by September 1, 2006.

8.Defendants intend to call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts by August 1, 2006. Depositions of any such experts will be completed by December 1, 2006.

9. A damages analysis will be provided by Plaintiff by May 30, 2006.

G. DISPOSITIVE MOTIONS

Dispositive motions will be filed on or before January 1, 2007

H. JOINT TRIAL MEMORANDUM

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by February 1, 2007.

## VI. **TRIAL READINESS**

The case will be ready for trial on May 1, 2007.

As officers of the Court, undersigned counsel agree to cooperate with each other

and the Court to promote the just, speedy and inexpensive determination of the action.


PLAINTIFF
By_____    Date: April 25, 2006

DEFENDANTS
By_____    Date: April 25, 2006

:

## **CERTIFICATION**


This is to certify that a copy of the foregoing was mailed postage prepaid on this

25th day of April, 2006 to:

Eric W. F. Niederer
Wilson Elser Moskowitz Edelman and Dicker L.L>P.
1 Stamford Plaza 263 Tresser Blvd. 9th Flr.
Stamford, CT 06901


_____
ENRICO VACCARO

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

———————————————————————— x

GRZEGORZ DABROWSKI,
                          Plaintiff

       -against-

FRANCISCO MORALES,
                        Defendant

:
:   CIVIL ACTION NO.
:   3:05-CV-01548 (SRU)
:
:
:   MAY 15, 2006
:
:

———————————————————————— x

## DEFENDANT'S MOTION
## TO OPEN JUDGMENT OF DISMISSAL

Pursuant to Local Rule 7(c)(1), the Defendant, FRANCISCO MORALES, moves for reconsideration of the May 4, 2006 Order of Judge Stefan R. Underhill granting the Plaintiff's Motion to Open Dismissal Judgment, filed on April 26, 2006, on for the reasons set forth in the Defendant's May 3, 2006 Objection and supporting Memorandum of Law. The Court's Order was entered on May 4, 2006, and the Defendant's Objection was entered on May 5, 2006. Therefore, the Defendant believes that the Court did not have his Objection at the time the Court rendered its decision.

WHEREFORE, the Defendant requests that the Court reconsider its May 4, 2006 Order, and deny the Plaintiff's Motion to Open Judgment of Dismissal.

**ORAL ARGUMENT REQUESTED**

Dated:     Stamford, Connecticut
             May 15, 2006

Respectfully submitted,

THE DEFENDANT,
FRANCISCO MORALES

By: _____
Eric W. F. Niederer  (CT 25773)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
One Stamford Plaza
263 Tresser Boulevard, 9th Floor
Stamford, Connecticut 06901
(203) 564-1900 (Telephone)
(203) 564-1402 (Facsimile)
Email:  Eric.Niederer@WilsonElser.com
Our File No.:  04951.00610

1170464.1

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid on this 15th day of May, 2006, to the following:

Enrico Vaccaro, Esq.
Law Offices of Enrico Vaccaro
1057 Broad Street
Bridgeport, CT 06604

Eric W. F. Niederer

1170464.1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CONNECTICUT

**GRZEGORZ DABROWSKI**                : **CIVIL ACTION NO. 305CV1548 SRU**

     Plaintiff                                     :

     **v.**                                            :

**FRANCISCO MORALES**          :

     Defendant                        : **MAY 24, 2006**

## MOTION FOR EXTENSION OF TIME

Pursuant to Local Rule 7(b) the undersigned, counsel for the Plaintiff, for good cause, respectfully moves the Court for an extension of time of an additional 30 days from May 31, 2006 to file an objection to the Defendant's motion to dismiss along with a memorandum of law in support thereof. In support of this motion, the undersigned represents that he is a solo practitioner with a busy litigation practice and a number of previously scheduled commitments and the additional time sought is necessary to fully research and prepare said objection and memorandum of law. The undersigned represents that this is the first extension of time sought and that defense counsel has no objection to the granting of this motion.

WHEREFORE, for good cause, and in the interest of justice, the undersigned respectfully moves that the court to grant this motion for extension of time.

THE PLAINTIFF
GRZEGORZ DABROWSKI

BY

Enrico Vaccaro
Federal Bar No. CT05632
1057 Broad Street
Bridgeport, CT.06604
(203) 579-0001

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed postage prepaid on this

24  day of May 2006 to:

Eric W. F. Niederer
Wilson Elser Moskowitz Edelman and Dicker L.L.P.
1 Stamford Plaza 263 Tresser Blvd. 9th Flr.
Stamford, CT 06901

ENRICO VACCARO

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

——————————————————————— x

GRZEGORZ DABROWSKI,                          :
                          Plaintiff          :    CIVIL ACTION NO.
                                             :    3:05-CV-01548 (SRU)

    -against-                                 :

                                             :    JULY 6, 2006

                                             :

FRANCISCO MORALES,                           :
                          Defendant

——————————————————————— x

**REPLY**
**TO PLAINTIFF'S OBJECTION TO**
**DEFENDANT'S MOTION TO DISMISS**

The defendant, FRANCISCO MORALES, respectfully submits this Reply to the
plaintiff's Objection to the defendant's Motion to Dismiss.

The plaintiff brought this action in the District Court of Connecticut against the
defendant, a New Jersey resident. This action arises from a motor vehicle accident that occurred
in New York. The defendant was allegedly served with process in New Jersey on January 7,
2006, months after the filing of this action. The plaintiff has failed to demonstrate how the
District Court of Connecticut has personal jurisdiction over the out-of-state defendant for an
alleged tort that occurred in the state of New York.

Furthermore, the Court now lacks subject matter jurisdiction over this action and the
plaintiff should be collaterally estopped from continuing his action in the District Court of
Connecticut because he has already brought the identical suit in New York State court.  See

Exhibit A.  The plaintiff filed this Connecticut District Court action on October 5, 2005.  The Court dismissed this action on January 25, 2006.  While the Connecticut case was dismissed the plaintiff filed a separate action in the New York State Supreme Court on April 14, 2006; that New York State action remains active to the present time.  Thereafter, on April 26, 2006, the plaintiff filed a motion to reopen this action.  The plaintiff failed to advise this Court that he had commenced a New York action.  Apparently, in light of the plaintiff's omission, the Court granted the plaintiff's motion to reopen.  As a result of the plaintiff's claims and omissions to this Court, the plaintiff now has two active and pending actions stemming from the same alleged motor vehicle accident, one in New York State court and the other in the District of Connecticut.  Clearly, the plaintiff cannot bring and proceed in two actions stemming from the same alleged tort in two different courts simultaneously.  The plaintiff's motion to reopen the dismissed instant matter was improper because he had previously filed and pursued a New York State action.  Consequently, this action should be dismissed.

The plaintiff claims in his Objection that the Connecticut statute of limitations should be tolled for the duration of time the defendant was outside of Connecticut pursuant to Connecticut General Statutes § 52-290.  See plaintiff's Objection, p.6-7.  That argument is counterintuitive because there would effectively be no statute of limitations for an out-of-state defendant who did not physically appear in Connecticut.  This argument is academic because C.G.S. § 52-290, which pertained to the attachment of property, was repealed.  See Exhibit B.  C.G.S. § 52-290 clearly does not apply to this case and there is no tolling of the two year statute of limitations in this case.

- 2 -

Regarding the plaintiff's choice of law argument, the plaintiff has failed to satisfactory demonstrate that the cause of action did not exist at common law, or that the New York statute of limitations should apply in this Connecticut action.

> Connecticut law has well developed criteria that determine whether a statute of limitation is procedural or substantive for choice of law purposes. 'Under the general rule applicable in the usual case …statutes of limitation relate to the remedy as distinguished from the right.' Morris Plan Industrial Bank v. Richards, 131 Conn 671, 673, 42 A.2d 147 (1945). 'It is undisputed that, as a principle of universal application, remedies and modes of procedure depend upon the lex fori.' Thomas Iron Co. v. Ensign-Bickford Co., 131 Conn. 665, 668, 42 A.2d 145 (1945); see also Morris Plan Industrial Bank v. Richards, *supra*, 673. Baxter v. Sturm, Ruger and Company, Inc., 230 Conn. 335, 339 (1994).

A statute of limitation period is only considered substantive for causes of action created by statute. See Baxter v. Sturm, Ruger and Company, Inc., *supra*. A statute that codifies a common law cause of action does not create a new cause of action. See Thomas Iron Co. v. Ensign-Bickford Co., *supra*. "Thus, for the limitation period of the lex loci to apply, the underlying right upon which the lawsuit is based must not have existed at common law. Otherwise, the limitation period established by the lex fori governs." Baxter v. Sturm, Ruger and Company, Inc., 230 Conn. 335, 339, citing Thomas Iron Co. v. Ensign-Bickford Co., *supra*, 670 and Morris Plan Industrial Bank v. Richards, *supra*, 674.

It is not enough that a statutory cause of action is cited in the plaintiff's complaint because the statutory cause of action is a codified common law right. This is a tort action with claimed negligence and recklessness on the part of the defendant while driving his motor vehicle. Clearly, the cause of action arises from common law negligence, which has been merely codified by statute. Consequently, the lex fori statute of limitations of two years must govern, and the plaintiff's action must be dismissed for his failure to commence this action within that statute of limitations period.

The plaintiff chose Connecticut as the forum to bring his complaint. He is bound by Connecticut procedural law. Because the statute of limitations for this tort action is procedural, Connecticut's two year statute of limitations must apply and the plaintiff's action must be dismissed.

WHEREFORE, the Defendant requests that this Honorable Court enter an Order dismissing the Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b) together with such other relief as this Honorable Court may deem just and proper.

Dated: Stamford, Connecticut

July 6, 2006

Respectfully submitted,

THE DEFENDANT,
FRANCISCO MORALES,

By: _____
Eric W. F. Niederer  (CT 25773)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
177 Broad Street, 6th Floor
Stamford, Connecticut 06901
(203) 388-9100 (Telephone)
(203) 388-9101 (Facsimile)
Email: Eric.Niederer@WilsonElser.com
Our File No.: 04951.00610

- 4 -

**CERTIFICATION**

      This is to certify that a copy of the foregoing was mailed, postage prepaid on this 6th day of July 2006, to the following:

Enrico Vaccaro, Esq.
Law Offices of Enrico Vaccaro
1057 Broad Street
Bridgeport, CT 06604

                            Eric W. F. Niederer

- 5 -

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------X

GRZEGORZ DABROWSKI,

                               *Plaintiff,*

            -against-

FRANCISCO MORALES,

                              *Defendant.*

-------------------------------------------------------------X

**SUMMONS**

Index No.: *11557/06*

Date Filed: *4/14/06*

Plaintiff resides at
131 McGrath Court
Stratford, CT

TO THE ABOVE NAMED DEFENDANT(s):

        YOU ARE HEREBY SUMMONED to answer the Complaint in this action by serving an Answer, or a notice of appearance, on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service, or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, Judgment will be taken against you by default for the relief demanded in the Complaint.

        The basis of the venue designated is place of occurrence.

Dated: Garden City, New York
        April 13, 2006

                           Yours, etc.,

                           Decolator, Cohen & DiPrisco, LLP
                           *Attorneys for the Plaintiff*
                           1399 Franklin Avenue
                           Garden City, New York 11530
                           (516) 742-6575

DEFENDANT'S ADDRESS:

FRANCISCO MORALES
~~723 Stevens Court~~
~~Paramus, New Jersey 07652~~
*100 Central Ave - Apt 4F*
*Fort Lee, NJ 07024*

FRANCISCO MORALES
Pursuant to VTL sec. 253

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------------------------X
GRZEGORZ DABROWSKI,

*Plaintiff,*

-against-

FRANCISCO MORALES,

*Defendant.*
--------------------------------------------------------------------X

**VERIFIED
COMPLAINT**

**Index No.:**

Plaintiff, by his attorneys, Decolator, Cohen & DiPrisco, LLP, as and for his Verified

Complaint, respectfully alleges, upon information and belief, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF

1: At all times hereinafter mentioned, plaintiff was and still is a resident of the State of

Connecticut.

2: Upon information and belief, at all times hereinafter mentioned, the defendant was

and still is a resident of the State of New Jersey.

3: Upon information and belief, that at all times hereinafter mentioned, the defendant

was the owner and operator of a certain 1995 Acura motor vehicle, bearing New Jersey

registration number KX109M.

4: At all times hereinafter mentioned, plaintiff was the owner and operator of a certain

1992 BMW motor vehicle bearing Connecticut registration number 776RWP.

5: On or about May 4, 2003, Driggs Avenue, at or near its intersection with Sutton

Street, in the County of Kings, City and State of New York, were and still are public

highways.

6: At the time and place aforesaid, and the vehicle owned and operated by the defendant, as aforesaid, and the vehicle operated by the plaintiff, as aforesaid, were in contact.

7: On or about May 4, 2003, at or about 4:15 o'clock in the afternoon thereof, while the plaintiff was lawfully and properly operating his vehicle, the defendant at the time owned and operated his vehicle in such negligent and careless fashion as to cause a collision to occur, causing severe personal injuries to the plaintiff.

8: The said collision was caused solely and wholly by reason of the negligence and carelessness of the defendant with no fault or culpable conduct on the part of the plaintiff contributing thereto.

9: The said defendant so negligently and carelessly owned, managed, operated and controlled his said motor vehicle, that without any negligence or fault on the part of the plaintiff, and solely by reason of the negligence and carelessness of said defendant, defendant's motor vehicle suddenly came into violent contact with the plaintiff's vehicle and, as a result, the plaintiff sustained the injuries hereinafter described.

10: Plaintiff has sustained serious injuries as same is defined in Subdivision (d) of Section 5102 of the Insurance Law of the State of New York and economic loss greater than basic loss as defined in said section of the law.

11: This action falls within one or more of the exceptions set forth in CPLR Section 1602.

12: As a result of defendants' negligence as aforesaid, the plaintiff was severely injured both internally and externally, that plaintiff became sick, sore, lame and disabled, and

has suffered great pain, shock and mental anguish and will continue to suffer for a long time to come and, upon information and belief, has been permanently injured; that by reason of the foregoing, the plaintiff has been obligated to and did necessarily employ medical aid and medicines in an attempt to cure said injuries, all to plaintiff's damage in an amount in excess of the maximum monetary jurisdiction of all lower courts.

WHEREFORE, plaintiff demands judgment against the defendant in the First Cause of Action in an amount in excess of the maximum monetary jurisdiction of all lower courts, together with the interest, costs and disbursements of this action.

Dated: Garden City, New York
        April 12, 2006

Yours, etc.,

DECOLATOR, COHEN & DIPRISCO, LLP

By: Joseph L. Decolator, Esq.
*Attorneys for Plaintiff*
1399 Franklin Avenue
Garden City, New York 11530
(516) 742-6575

NASSAU

STATE OF NEW YORK, COUNTY OF           ss.:

I, the undersigned, an attorney admitted to practice in the courts of New York State,

☐    **Certificate by Attorney**    certify that the within

              has been compared by me with the original and found to be a true and complete copy.

☐    **Attorney's Affirmation**    state that I am

              the attorney(s) of record for   Plaintiff                      in the within

action; I have read the foregoing   Summons & Verified Complaint   and know the contents thereof;

the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters

I believe it to be true. The reason this verification is made by me and not by

                               plaintiff is because plaintiff resides in a

county other than the one in which your deponent maintains his office.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:   conversations with plaintiff

and office records.

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated:   Garden City, New York; April 13, 2006

                                          The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF           ss.:

I, the undersigned, being duly sworn, depose and say: I am                  **JOSEPH L. DECOLATOR**

☐    **Individual Verification**    in the action; I have read the foregoing

                            and know the contents thereof; the same is true to my own knowledge, except

                  as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

☐    **Corporate Verification**    the                   of

                     a                      corporation and a party in the within action; I have read the foregoing

                            and know the contents thereof; and the same is true to my own knowledge,

except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This

verification is made by me because the above party is a corporation and I am an officer thereof.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Sworn to before me on                                        The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF           ss.:       (If more than one box is checked—indicate after names type of service used.)

I, the undersigned, being sworn, say: I am not a party to the action, am over 18 years of age and reside at

On                    I served the within

☐    **Service By Mail**    by mailing a copy to each of the following persons at the last known address set forth after each name below.

☐    **Personal Service on Individual**    by delivering a true copy of each personally to each person named below at the address indicated. I knew each person served to be the person mentioned and described in said papers as *a party therein:*

☐    **Service by Electronic Means**    by transmitting a copy to the following persons by ☐ FAX at the telephone number set forth after each name below ☐ E-MAIL at the E-Mail address set forth after each name below, which was designated by the attorney for such purpose, and by mailing a copy to the address set forth after each name.

☐    **Overnight Delivery Service**    by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each name below.

                                          The name signed must be printed beneath

# Exhibit
# B

**Secs. 52-290 and 52-291. Attachment of property purchased on condition. Disclosure by vendor of claim on the property.** Sections 52-290 and 52-291 are repealed.

(1949 Rev., S. 8032, 8033; 1959, P.A. 28, S. 181; 133, S. 10-102.)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CONNECTICUT

GRZEGORZ DABROWSKI      : CIVIL ACTION NO. 305CV1548 SRU

    Plaintiff      :

    v.      :

FRANCISCO MORALES      :

    Defendant      : JULY 17, 2006

## PLAINTIFF'S RESPONSE TO DEFENDANT'S REPLY DATED JULY 6, 2006

While the Defendant contends that the Plaintiff should be collaterally estopped from continuing the above captioned action in this court because he also filed an action in New York state court, he fails to cite any legal authority for this proposition. In fact, the law is well settled that the pendency of an action in one state is not a ground for abatement of a later action in another state. *Sautter v. Sautter* 4 Conn. App. 581 (1985); *Schaefer v. O.H. Tool., Inc.* 110 Conn. 528, 535; 148 A. 330 (1930). In addition, counsel for the Defendant has failed to inform the court that he was advised by the undersigned that the New York action was only filed in an exercise of caution in response to the Defendant's Motion to Dismiss to protect against the statute of limitations running on the Plaintiff's claim while awaiting a decision from this court on said motion and that the New York action would not be prosecuted pending this court's decision and would be withdrawn if the motion was denied.

The attorney for the Defendant also attempts to take advantage of an obvious typographical error with respect to a statutory citation in the Plaintiff's objection and memorandum of law, claiming that, "... §52-290 C.G.S., which pertained to the

attachment of property, was repealed." The correct statutory citation is §52-590 C.G.S. and the operative language contained in that statute *was set forth* in the Plaintiff's memorandum of law. That statute states, in relevant part: " In computing the time limit in the period of limitation prescribed under any provision of Chapter 925 (§52-555, et seq.) the time during which the party, against whom there may be any cause of action, is without this state, shall be excluded from the computation…" Because the Defendant is a resident of New Jersey, under §52-590 C.G.S., the statute of limitation on this claim would be tolled.

Finally, in arguing that the statutory cause of action, §5101 et seq. New York State Consolidated Laws, under which the Plaintiff's cause of action is brought, merely "codified" a common law right, he conveniently ignores the express holding of *Licari v. Elliot* 57 N.Y. 2d 230, 441 N.E. 2d 1088 (1982) that in enacting the aforesaid legislation, the legislature *"abrogated"* the common law right of persons injured in auto accidents to have the unfettered right to sue for damages, *replacing* that right with the new statutory cause of action detailed in §5104 et seq. Because this statutory cause of action under which the Plaintiff's claim is brought did not exist at common law, the statute of limitations applicable thereto is substantive. Since the Plaintiff's claim under §5104 was commenced well within the 3 year statute of limitations provided by applicable New York law, his action is not time barred and the Defendant's motion to dismiss must be denied.

THE PLAINTIFF
GRZEGORZ DABROWSKI
BY
Enrico Vaccaro
Federal Bar No. CT05632
1057 Broad Street
Bridgeport, CT.06604
(203) 579-0001

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed postage prepaid on this 17 day of July, 2006 to:

Eric W. F. Niederer
Wilson Elser Moskowitz Edelman and Dicker L.L.P.
1 Stamford Plaza 263 Tresser Blvd. 9th Flr.
Stamford, CT 06901

ENRICO VACCARO

```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT

                   Motion Day Calendar

              Stefan R. Underhill, U. S. D. J.
                   915 Lafayette Boulevard
                        Bridgeport
                 Courtroom #1, 4th Floor
```

**March 9, 2007**

UPON RECEIPT OF THIS CALENDAR, COUNSEL ARE INSTRUCTED TO CONFER
WITH OPPOSING COUNSEL AND CONFIRM THAT ALL COUNSEL OF RECORD HAVE
NOTICE OF THE ARGUMENT IN THEIR CASE.

COUNSEL SHALL BE PREPARED TO ARGUE WITH PARTICULARITY THE MOTIONS
AT ISSUE. THE COURT WILL HAVE THOROUGHLY REVIEWED THE PAPERS, SO
THAT COUNSEL NEED NOT RESTATE BACKGROUND OR ARGUMENTS SET FORTH
IN THE BRIEFS. AFTER HIS QUESTIONS HAVE BEEN ANSWERED, JUDGE
UNDERHILL MAY RULE ON THE MOTIONS FROM THE BENCH.

ANY REQUESTS PERTAINING TO THE ORAL ARGUMENT SHALL BE MADE TO
BARBARA SBALBI, JUDICIAL ASSISTANT (203-579-5714).  ANY COUNSEL
REQUESTING CONTINUANCES, WHICH WILL BE CONSIDERED ONLY FOR GOOD
CAUSE CLEARLY SHOWN, SHALL CONSULT WITH COUNSEL FOR ALL OTHER
PARTIES BEFORE MAKING THE REQUEST.

**4:30 p.m.**
**Dabrowski v Morales          3:05cv1548**

Motion to Dismiss - doc. #8

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

———————————————————————— x

GRZEGORZ DABROWSKI,                    :
                        Plaintiff          CIVIL ACTION NO.
                                       :   3:05-CV-01548 (SRU)

        -against-                      :

                                       :   MARCH 30, 2007

                                       :

FRANCISCO MORALES,
                        Defendant

———————————————————————— x

## REQUEST FOR SETTLEMENT CONFERENCE

The defendant, FRANCISCO MORALES, respectfully requests the Court schedule this

matter for a settlement conference in light of the parties' inability to resolve this matter on their

own.

Dated: Stamford, Connecticut
March 30, 2007

Respectfully submitted,

THE DEFENDANT,
FRANCISCO MORALES,

By: _____
Eric W. F. Niederer  (CT 25773)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
177 Broad Street, 6th Floor
Stamford, Connecticut 06901
(203) 388-9100 (Telephone)
(203) 388-9101 (Facsimile)
Email:  Eric.Niederer@WilsonElser.com
Our File No.:  04951.00610

71351.1

## <u>CERTIFICATION</u>

This is to certify that a copy of the foregoing was mailed, postage prepaid on this 30th day of March, 2007, to the following:

Enrico Vaccaro, Esq.
Law Offices of Enrico Vaccaro
1057 Broad Street
Bridgeport, CT 06604

Eric W. F. Niederer

71351.1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**


GRZEGORZ DABROWSKI                          :
                                            :
          v.                                :     Civil Action No.
                                            :     3:05cv1548 (SRU)
FRANCISCO MORALES                           :


**REFERRAL TO MAGISTRATE JUDGE**

This case is referred to Magistrate Judge <u>Garfinkel</u> for the following purpose:

___      All purposes except trial, unless the parties consent to trial before the Magistrate
         Judge

___      A ruling on all pretrial motions except dispositive motions

___      To supervise discovery and resolve discovery disputes

___      A ruling on the following motions which are currently pending:

_X_      A settlement conference

___      A conference to discuss the following: _____

___      Other: _____


SO ORDERED this 11th day of April 2007, at Bridgeport, Connecticut.


                                          /s/ Stefan R. Underhill_____
_____  Stefan R. Underhill
                                          United States District Judge

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT
(AT BRIDGEPORT)


GRZEGORZ DABROWSKI


v.                                    CIVIL ACTION NO. 3:05-cv-01548-SRU


FRANCISCO MORALES


### APPEARANCE

Attorney Canera L. Pagano hereby appears as counsel in this case for the Defendant,

Francisco Morales.


Dated at Stamford, Connecticut, this 1st day of May, 2007.


By _____
**Canera L. Pagano (ct25901)**
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
177 Broad Street
6th Floor
Stamford, CT 06901
Tel. :203.388.9100
Fax: 203.388.9101
Email: canera.pagano@wilsonelser.com
File No.: 04951.00610


73532.1

## <u>CERTIFICATION</u>

This is to certify that the foregoing Appearance was sent on May 1, 2007, via U.S. Mail, postage pre-paid to the following parties of record:

Enrico Vaccaro, Esq.
Law Offices of Enrico Vaccaro
1057 Broad St.
Bridgeport, CT 06604
203-579-0001
Fax: 203-579-0002
**Counsel for the Plaintiff**

By  _____

**Canera L. Pagano (ct25901)**

2

73532.1

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

### Honorable William I. Garfinkel
### 915 Lafayette Blvd.
### Room 429
### Bridgeport, CT 06604

This case is scheduled for a settlement conference with the Honorable William I. Garfinkel, United States Magistrate Judge. Local counsel will notify any pro hac vice counsel of the date and time of the conference.

The purpose of the conference is to give the parties the opportunity to consider settlement before additional expense, attorneys' fees and other resources are expended. In their representation of clients and fulfillment of obligations to the Court, counsel must approach this conference in good faith and with the preparation necessary to resolve the issues in the case.

**The parties are hereby ordered to be present at the conference.** If a party is a legal entity, not an individual, a representative of the party who is fully authorized to decide all matters pertaining to the case will be present at the conference. The Court will not hold a settlement conference without all parties present. Availability of a party by phone is not permitted without the authorization of the Court. In cases where a party requires authority from an insurer to settle the case, the party will ensure that an insurance company representative with full authority to settle the case is present at the conference. Failure of a party with full authority to settle the case to attend the conference may result in the imposition of sanctions. The parties should be prepared to spend the entire day in the settlement conference.

**Not later than five (5) days prior to the conference** counsel will submit to the Magistrate Judge, an ex parte, confidential conference memorandum. The memorandum will set forth the legal elements of the claims and defenses made, the factual basis for the claims and defenses, the discovery anticipated, the time required for the anticipated discovery, the substantive motions contemplated, and the amount and nature of any demands and/or offers made to date. Counsel will be prepared to discuss a reasonable resolution of the case consistent with its merits. Any requests pertaining to the conference will be made to the Chambers of the Magistrate Judge in writing, or by telephone and confirmed in writing. Any counsel requesting continuances, which will be considered only for good cause clearly shown, will consult with counsel for all other parties before making the request and, in the event of a continuance, will notify all parties of the new date and time.

**Counsel are reminded that the scheduling of a settlement conference does not affect existing deadlines and shall not delay discovery unless the Court has entered a separate order to that effect for good cause.**

If the case is resolved after the issuance of this order, the parties will contact Judge Garfinkel's Chambers before the date of the settlement conference to advise the Court of the existence of the settlement.

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

GRZEGORZ DABROWSKI,
     Plaintiff,

     v.

FRANCISCO MORALES,
     Defendant.

Case No.
3: 05cv1548 (SRU)

## CONFERENCE MEMORANDUM

On December 20, 2007, I held a phone conference on the record with Enrico Vaccaro, representing the plaintiff, and Canera Pagano, representing the defendant. The purpose of the conference was to discuss the status of the case.

I asked counsel whether the District of Connecticut was an appropriate venue for this litigation under 28 U.S.C. § 1391(a). I indicated that, because the defendant resides in New Jersey and the accident that gave rise to this case occurred in the Southern District of New York, those districts appear to be the only permissible venues in which to bring this diversity action.

Plaintiff's counsel indicated that there is a related case pending in state court in New York based on the same underlying events. He further indicated that he would inform me, as well as opposing counsel, if he agrees that I should transfer this case to the District of New Jersey or the Southern District of New York, or if he would prefer that I dismiss this case without prejudice, so that the New York state court case moves forward. It is my present intention to transfer this case to the Southern District of New York on January 4, 2008.

Dated at Bridgeport, Connecticut, this 21st day of December 2007.

         /s/ Stefan R. Underhill
           Stefan R. Underhill
           United States District Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

GREGORZ DABROWSKI,
     Plaintiff,

     v.

FRANCISCO MORALES,
     Defendant.

Case No.
3: 05cv1548 (SRU)

---

## ORDER OF TRANSFER

In this case, a Connecticut resident has sued a New Jersey resident for damages stemming from a motor vehicle accident that occurred in New York, and the matter is in federal court on the basis of diversity jurisdiction.

Under 28 U.S.C. § 1391, proper venue for a diversity action lies only in the judicial district (1) where any defendant resides, if all defendants reside in the same state, (2) where a substantial part of the events giving rise to the claim occurred, or (3) where any defendant is subject to personal jurisdiction if there is no district in which the action may otherwise be brought. Here, venue is appropriate (1) in the District of New Jersey, where the defendant resides, or (2) in the Southern District of New York, where the accident occurred. Because venue is proper in those districts, 28 U.S.C. § 1391(3) does not apply.

I am authorized under 28 U.S.C. § 1406(a) to either dismiss or, if in the interest of justice, to transfer this case to a district in which it might have been brought. Accordingly, this case is transferred to the Southern District of New York for all further proceedings.

It is so ordered.

Dated at Bridgeport, Connecticut, this 9th day of January 2008.

                                  /s/ Stefan R. Underhill
                                      Stefan R. Underhill
                                    United States District Judge