UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GRZEGORZ DOBROWSKI,<br><br>         Plaintiffs,<br><br>-against-<br><br>FRANCISCO MORALES<br>         Defendants. | 08 Civ. 524 (RMB)<br><br>**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL** |

**WHEREAS,** plaintiff Grzegorz Dabrowski filed a complaint on October 5, 2005 alleging that he suffered bodily injury as a result of a motor vehicle accident on May 4, 2003 at the intersection of Driggs Avenue and Sutton Street in Greenpoint, New York.

**WHEREAS,** the parties are interested in resolving the issues alleged in the complaint in this action, and have negotiated in good faith for that purpose; and

**WHEREAS,** none of the parties to the above-captioned action is an infant or incompetent person; and

**WHEREAS,** the parties in the above-captioned action wish to discontinue the litigation;

**IT IS HEREBY STIPULATED AND AGREED** by and between the parties and/or their respective counsel as follows:

  1.  The parties agree that the above-captioned action is dismissed and discontinued with prejudice, as to the named defendant, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

  2.  Any and all of the claims for damages by plaintiff which are the subject of this action or otherwise arise out of any of the incidents alleged in the Complaint are hereby settled,

1937968.1

as against the named defendant, for the sum of $76,000 in full satisfaction of all claims for damages, costs, disbursements and legal fees.

3. The check for payment of the sum stated in Paragraph #2, above, shall be drawn to the order of the plaintiff and plaintiff's counsel and mailed to plaintiff's counsel at 1057 Broad Street, Bridgeport, Connecticut 06604.

4. In consideration of the payment of the sum stated in Paragraph #2, above, the plaintiff hereby releases the named defendant, and his heirs, executors, administrators and assigns, from any and all claims, liabilities and causes of action related to or arising out of any and all of the events set forth in the Complaint in the above-captioned action.

5. Nothing in this So Ordered Stipulation of Settlement shall be construed as an admission or concession of liability whatsoever by the defendant regarding any of the allegations made by the plaintiff in the Complaint.

6. Payment of the amount stated in Paragraph #2, above, will be made within ninety (90) days after the approval of this stipulation by the Court and receipt by defendant's counsel of a copy of the fully executed So Ordered Stipulation of Settlement as entered by the Court. In the event that the aforesaid payment is not made within the ninety (90) day period, interest shall accrue on the outstanding principal balance at the rate set forth in 28 U.S.C. § 1961 beginning on the ninety-first (91) day after receipt by defendant's counsel of a copy of the fully executed So Ordered Stipulation of Settlement.

7. This Stipulation of Settlement and any Order entered thereon shall have no precedential value or effect whatsoever and shall not be admissible in any other action or

1937968.1

proceeding as evidence or for any other purpose except in any action or proceeding to enforce this Stipulation of Settlement.

8. This So Ordered Stipulation of Settlement embodies the entire agreement of the parties in this matter.

| _____ | _____ SD2306 |
| Enrico Vaccaro, Plaintiff's Counsel | Stephen DeBernardis, Defendant's Counsel |

 1057 Broad Street  
Address

 3 Gannett Drive  
Address

 Bridgeport, CT 06604  
City, State & Zip Code

 White Plains, NY 10604  
City, State & Zip Code

 (203) 579-0001  
Telephone Number

 (914) 323-7000  
Telephone Number

Dated: 5/1, 2008

Dated: May 22, 2008

**Clerk to close this case.**

**SO ORDERED:**

_____RMB_____  
United States District ~~Magistrate Judge~~

Richard M. Berman

Dated: New York, New York  
         5/28, 2008

1937968.1